

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

FILED

MAR 1 3 2026

Heidi D. Campbell, Clerk
U.S. DISTRICT COURT

**Cynthia Blanchard,**
**Appellant,**

**v.**

**Patrick J. Malloy, III,**
**Chapter 7 Trustee,**
**Appellee.**

**Case No. 26-cv-00140-CVE**

**Appeal from the United States Bankruptcy Court**
**for the Northern District of Oklahoma**
**Bankruptcy Case No. 25-10088-T**

**EMERGENCY MOTION FOR STAY PENDING APPEAL WITHOUT BOND**

(Pursuant to Fed. R. Bankr. P. 8007(b))

Appellant Cynthia Blanchard, proceeding pro se, respectfully moves this Court for entry of an order staying further administration and distribution of estate funds pending resolution of this appeal.

This motion is brought pursuant to Federal Rule of Bankruptcy Procedure 8007(b).

A stay is necessary to preserve the status quo and prevent actions that could render the appeal moot before appellate review can occur.

**EMERGENCY NATURE OF THIS MOTION**

This motion is filed on an emergency basis because the Chapter 7 Trustee has indicated that the administration of the estate and potential distribution of estate funds will continue during the pendency of the appeal.

If estate funds are distributed before appellate review is completed, the appeal may become moot and the Court's ability to provide meaningful relief may be substantially impaired.

A stay is therefore necessary to preserve the Court's appellate jurisdiction and maintain the status quo pending review.

## I. BACKGROUND

This appeal arises from the bankruptcy court's disallowance of Appellant's Proof of Claim relating to documented loans made to the debtor entities.

On March 10, 2026, Appellant timely filed a Notice of Appeal from the bankruptcy court's orders disallowing the claim and denying Appellant's Rule 9023 motion to alter or amend the judgment.

The appeal raises significant procedural and due process concerns, including:

• the timing of evidence introduced shortly before the claim hearing;

• the limited time available for a pro se litigant to review and respond to that evidence; and

• whether the procedures surrounding the claim hearing deprived Appellant of a meaningful opportunity to present responsive documentation.

Pursuant to Federal Rule of Bankruptcy Procedure 8009, Appellant has now filed the Designation of Record on Appeal and Statement of Issues on Appeal in the bankruptcy court.

Because estate distributions may occur before appellate review is completed, Appellant seeks a stay preserving the status quo pending resolution of this appeal.

## II. PRIOR REQUEST FOR RELIEF IN THE BANKRUPTCY COURT

Pursuant to Federal Rule of Bankruptcy Procedure 8007(a), Appellant first sought a stay pending appeal in the bankruptcy court.

On March 11, 2026, Appellant filed a Motion for Stay Pending Appeal Without Bond in the bankruptcy court.

The Trustee filed an objection to that motion on March 12, 2026. As of the time this motion was prepared and signed, the Bankruptcy Court had not granted a stay.

In addition, in denying Appellant's motion to supplement the record on appeal, the bankruptcy court noted that questions concerning the form or content of the appellate record must be presented to the court where the appeal is pending.

Because the appeal is now pending before this Court and because estate distributions may occur before appellate review is completed, Appellant respectfully seeks relief from this Court pursuant to Federal Rule of Bankruptcy Procedure 8007(b).

## III. STANDARD FOR STAY PENDING APPEAL

Courts consider four factors when determining whether to grant a stay pending appeal:

1. likelihood of success on the merits;

2. risk of irreparable harm absent a stay;

3. harm to other parties; and

4. the public interest.

See *Hilton v. Braunskill, 481 U.S. 770 (1987)*.

These factors weigh in favor of granting a stay in this case.

## IV. IRREPARABLE HARM ABSENT A STAY

Absent a stay, the Chapter 7 Trustee may proceed with the administration of the estate and the distribution of estate funds.

In his objection to Appellant's stay motion, the Trustee acknowledged that absent a stay he will continue administering the estate and ultimately disburse estate funds to creditors, which could render the appeal moot.

If estate funds are distributed before the appeal is resolved, recovery of those funds from multiple creditors may become impracticable and the appellate court's ability to grant meaningful relief could be substantially impaired.

Courts routinely recognize that the potential mootness of an appeal due to estate distributions constitutes irreparable harm warranting a stay. See *In re Adelphia Communications Corp., 361 B.R. 337 (S.D.N.Y. 2007)*.

A stay is therefore necessary to preserve the Court's jurisdiction and ability to provide effective appellate review.

## V. LIKELIHOOD OF SUCCESS ON APPEAL

The appeal raises substantial questions regarding the procedural fairness of the proceedings below.

Among the issues presented are:

• the timing of evidence introduced shortly before the claim hearing;

• the opportunity available to a pro se litigant to review and respond to that evidence; and

• whether the procedural posture of the hearing deprived Appellant of a meaningful opportunity to present responsive documentation.

At a minimum, the appeal raises serious legal questions concerning the procedural fairness of the claim disallowance process, which warrant careful appellate review.

## VI. BALANCE OF EQUITIES

Granting a temporary stay merely preserves the status quo while the appellate court reviews the legal issues raised in this appeal.

The disputed funds are already in the custody of the Trustee under the supervision of the bankruptcy court.

A limited delay in distribution imposes minimal burden on the estate while preserving the appellate court's ability to provide effective relief.

By contrast, denial of a stay could effectively moot the appeal if estate funds are distributed before appellate review is completed.

The balance of equities therefore favors granting a stay.

## VII. PUBLIC INTEREST

The public interest is served by ensuring that appellate courts retain the ability to review potentially significant legal issues arising from bankruptcy proceedings.

Preserving the status quo during the pendency of an appeal promotes confidence in the fairness and integrity of the judicial process.

## VIII. WAIVER OF BOND

Appellant respectfully requests that the Court waive any bond requirement.

Appellant is proceeding pro se and lacks the financial ability to post a supersedeas bond.

Because the disputed funds are already held by the Chapter 7 Trustee under the supervision of the Court, the estate is fully protected against any risk of loss during the pendency of the appeal.

Under these circumstances, requiring a bond would provide no additional security while effectively preventing meaningful appellate review.

## EXHIBITS

The following exhibits are attached in support of this motion:

**Exhibit 1**

Motion for Stay Pending Appeal Without Bond filed in the United States Bankruptcy Court for the Northern District of Oklahoma on March 11, 2026.

**Exhibit 2**

Trustee's Objection to Motion for Stay Pending Appeal (Bankruptcy Court Doc. 465), filed March 12, 2026.

**Exhibit 3**

Statement of Issues on Appeal filed pursuant to Federal Rule of Bankruptcy Procedure 8009.

**Exhibit 4**

Designation of Record on Appeal filed pursuant to Federal Rule of Bankruptcy Procedure 8009.

## IX. CONCLUSION

For the foregoing reasons, Appellant respectfully requests that this Court:

1.  enter an order staying further administration and distribution of estate funds pending

    resolution of this appeal; and

2.  waive any bond requirement.

Date: 3/13/2026

Respectfully submitted,

Cynthia Blanchard
Appellant, Pro Se
414 SE Washington Blvd., Ste. 205
Bartlesville, OK 74006
Telephone: 310-435-5707
Email: cynthiadblanchard@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on March 13, 2026, a true and correct copy of the foregoing Emergency Motion for Stay Pending Appeal Without Bond was served via the Court's CM/ECF system upon all parties receiving electronic notice in this case, including:

Patrick J. Malloy, III. Chapter 7 Trustee
Malloy Law Firm, P.C.
401 S. Boston Ave., Suite 500
Tulsa, Oklahoma 74103

Cynthia Blanchard
414 SE Washington Blvd., Ste. 205
Bartlesville, OK 74006
Appellant, Pro Se

# EXHIBIT 1

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF OKLAHOMA

IN RE:
GREEN COPPER HOLDINGS, LLC
COPPER TREE, INC.
THE INN AT PRICE TOWER, INC.

Case No. 25-10088-T (Consolidated)
Chapter 7

## MOTION FOR STAY PENDING APPEAL WITHOUT BOND

COMES NOW Cynthia Diane Blanchard, creditor and claimant appearing pro se, and

respectfully moves the Court for entry of an order staying distribution of estate funds pending

appeal and waiving any bond requirement, and states as follows:

### 1. Background

1. On February 27, 2026, the Court entered an Order Sustaining Objection and Disallowing
   Claims (ECF No. 433).

2. On March 10, 2026, the Court entered an Order Denying Motion to Alter or Amend
   Judgment (ECF No. 449).

3. On March 10, 2026, Claimant filed a Notice of Appeal to the United States District Court
   for the Northern District of Oklahoma.

4. Claimant now respectfully seeks a stay pending appeal to preserve the status quo while
   the appeal is considered.

## 2. Legal Standard

Courts generally consider four factors when determining whether a stay should issue:

(1) likelihood of success on appeal;

(2) risk of irreparable harm absent a stay;

(3) absence of substantial harm to other parties; and

(4) the public interest.

## 3. Irreparable Harm

If estate funds are distributed before the appeal is resolved, the appellate court may be unable to provide effective relief should the appeal succeed. Once funds are distributed to third parties, recovery from multiple creditors may become difficult or impracticable, potentially rendering the appeal moot. Accordingly, a stay is necessary to preserve the status quo while the appellate court reviews the matter.

## 4. Limited Scope of Requested Stay

Claimant does not seek to delay administration of the case unnecessarily but only to preserve the status quo while the appeal is resolved.

The requested stay is limited to preventing distribution of estate funds that could affect the appellate court's ability to provide meaningful relief.

## 5. Bond

Claimant respectfully requests that the Court waive any bond requirement. Claimant is proceeding pro se and does not have the financial ability to post a bond. Courts have discretion to

waive the bond requirement where circumstances warrant and where the stay is narrowly tailored to preserve the appellate process. In addition, the proceeds from the sale of the Debtors' primary asset are currently held by the Chapter 7 Trustee in the administration of the estate. Because the disputed funds remain in the custody of the Trustee and under the supervision of the Court, the estate is already protected against any risk of loss during the pendency of the appeal. Under these circumstances, requiring a supersedeas bond would not provide additional security and would effectively prevent a pro se claimant with limited financial resources from obtaining appellate review.

**WHEREFORE**

Claimant respectfully requests that the Court enter an order:

1.  staying distribution of estate funds pending resolution of the appeal; and

2.  waiving any bond requirement.

Date: March 11, 2026

Respectfully submitted,

Cynthia Diane Blanchard
414 SE Washington Blvd., Ste. 205
Bartlesville, OK 74006
Phone: 310-435-5707
Creditor / Appellant
Pro Se

## CERTIFICATE OF SERVICE

I, Cynthia Diane Blanchard, certify that on March 11, 2026, I filed the foregoing Motion for Stay Pending Appeal Without Bond with the Clerk of the United States Bankruptcy Court for the Northern District of Oklahoma.

Notice of this filing will be provided to all registered participants through the Court's CM/ECF system.

Cynthia Diane Blanchard
414 SE Washington Blvd., Ste. 205
Bartlesville, OK 74006
Phone: 310-435-5707
Creditor / Appellant
Pro Se

# EXHIBIT 2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **GREEN COPPER HOLDINGS, LLC** | ) | **CASE NO. 25-10088-T** |
| EIN # xx-xxx9708 | ) | **Chapter 7** |
| | ) | |
| **COPPER TREE, INC.** | ) | **Substantively Consolidated** |
| EIN # xx-xxx6608 | ) | |
| | ) | |
| **THE INN AT PRICE TOWER INC.** | ) | |
| | ) | |
| Debtors. | ) | |

### TRUSTEE'S OBJECTION TO MOTION FOR STAY PENDING APPEAL (DOC. NO. 457) ("Motion")

Comes now the Trustee and states:

1. Cynthia Diane Blanchard ("Blanchard") filed the motion seeking to stay the distribution of "estate funds pending appeal and waiving any bond requirement."

2. Given the fact that the ultimate distribution of the estate is the goal of every bankruptcy proceeding, Blanchard is, in essence, seeking to stay these proceedings pending her appeal.

3. The request for stay is based on *Fed. R. Bankr. P.* 8007(a)(1).

4. It is fundamental that "the decision of whether to grant a stay pending appeal is left to the discretion of the bankruptcy court." *Lang v. Lang (In re Lang)*, 305 B.R. 905 (10th Cir. BAP 2004). It is also fundamental that "a stay is an intrusion into the ordinary process of administration of judicial review, and accordingly is not a matter of right, even if irreparable injury might otherwise result to the appellant." *Niken v. Holder* 556 U.S. 418, 427, 129 S.Ct 1749 (2009). In this instance,

Blanchard "bears the burden of showing that circumstances justify an exercise of that discretion." *See Niken* 556 U.S. at 434.

5. In exercising this Court's discretion, the Court is guided by four well-established factors:

   a. the likelihood that the party seeking the stay will prevail on the merits of the Appeal;

   b. the likelihood that the moving party will suffer irreparable injury unless the stay is granted;

   c. whether granting the stay will result in substantial harm to the other parties to the Appeal;

   d. and the effect of granting the stay upon the public interest.

*Lang* 305 B.R. at 911. A motion to stay should only be granted when **all four factors** have been satisfied. *See In re Renfrow v. Grogan (In re Renfrow)* 2021 U.S. Dist LEXIS 203104 (N.D. Okla 2021), quoting *Niken v. Holder* 556 U.S. at 435.

6. As an overlay of the standard formulation, courts also consider the importance and novelty of the issues being appealed. *See Charles Alan Wright and Arthur R Miller* 11 Federal Practice and Procedure § 2904 (3d ed. Supp. 2004) ("Many courts also take into account that the case raises substantial difficult or novel legal issues meriting a stay.")

7. **BLANCHARD HAS NOT AND CANNOT ESTABLISH LIKELIHOOD OF SUCCESS** – Blanchard acknowledges the applicability of this criteria but fails in any manner to even address the issue. There must be more than a "mere possibility" of success on the merits. *Niken* 556 US at 434. The "probability of success is demonstrated when the petitioner seeking the stay has raised questions going to the merits so serious, substantial, difficult and doubtful as to

make the issue ripe for litigation and deserving of more deliberate investigation." *Morreale* 2015 U.S. Dist. LEXIS 10921, 2015 WL 429502 (quoting *Mainstream Mktg* 345 F3d 850, 853 (10th Cir. 2003). In the instant case, this Court's Memorandum Opinion and Order addressed basic issues regarding whether or not Blanchard established the total amounts of her alleged advances and/or whether or not such advances were treated by the parties as loans. There was nothing unique, complex or extraordinary about the issues surrounding Blanchard's claim. It is also noteworthy that the Court's decision followed an evidentiary hearing at which time Blanchard failed to appear and or present any evidence of any kind. Under these circumstances, the Trustee would argue there is not even a possibility of success on the appeal.

8.  **BLANCHARD'S HARM**—The Trustee acknowledges the possibility that absent a stay the Trustee will continue to administer the estate and ultimately, subject to an order of this Court, disburse all estate funds to the creditors—and thus render the appeal moot. However, this prong of the test must be viewed in relationship to the next prong—harm to the creditors. Blanchard "must show that the balance of harms tips in favor of granting the stay." *See ACC Bondholder Group v. Adelphia Communications Corp. (In re Adelphia Communications Corp)* 316 B.R. 337, 349 (S.D.N.Y. 2007. Cited by *In Re Stewart* 604 B.R. 900 (Bankr. W.D. 2019).

9.  **SUBSTANTIAL HARM TO THE CREDITORS**—If a stay is entered, the creditors of the estate will be required to wait months or years before the appeal is resolved. They will receive no interest or other compensation for the delay in distributing funds. Blanchard is, in essence, asking the creditors to finance her appeal. Blanchard cannot show that the balance of these respective harms weigh in favor of a stay. The Trustee argues that this harm is closely tied to the next prong of the test—the public interest.

10. **PUBLIC INTEREST IN PROMPT ADMINISTRATION OF JUSTICE**—It is well recognized that that the prompt administration of a bankruptcy estate is a "chief purpose of the bankruptcy laws." *Katchen v. Landy* 382 U.S. 323, 328, 86 S.Ct. 467 (1966). In the matter of *In re Doctors Hospital* of *Hyde Park Inc.* 318 B.R. 263, 272 (S.D. N.Y. 2007), the court stated: "The public policy behind bankruptcy is the equality of distribution to creditors within the priorities established by the Code within a **reasonable period of time**"(emphasis added). See also *In re Metiom Inc.* 318 B.R. 263, 272 (S.D.N.Y. 2004) (the public interest favors the expeditious administration of bankruptcy cases, and also recognizes the desirability of implementing the legitimate expectations of creditors to be paid). The requested stay is antithetical to the public interest in the efficient and timely administration of bankruptcy proceedings.

11. **NO COMPLEX ISSUES**—With respect to the overlay considerations discussed above there are no substantial, difficult or novel legal issues involved in this appeal that warrant the issuance of a stay. Blanchard simply failed to produce any evidence at the evidentiary hearing conducted in this matter to support her claim.

**CONCLUSION:** Blanchard has failed to even address the first criteria for granting a stay—likelihood of success. Moreover, given her failure to attend the evidentiary hearing, the uncontroverted evidence introduced at the hearing, and the Court's own reasoned analysis of the relevant facts and circumstances, there is in reality no possibility of success on appeal. In addition, a stay will indeed cause harm to the creditors of this estate and a stay under these facts is inconsistent with the public interest in the efficient administration of bankruptcy estate.

Wherefore, the Trustee prays for an order denying the Motion for Stay.

Respectfully Submitted by:

/s/ Patrick J. Malloy III
Patrick J. Malloy III, OBA #5647
MALLOY LAW FIRM, P.C.
401 S. Boston Ave. Suite 500
Tulsa, Oklahoma 74103
Telephone:    918-699-0345
Fax:              918-699-0325
*ATTORNEYS FOR TRUSTEE*

**EXHIBIT 3**

FILED

~~2026 MAR 12  PM 1:04~~

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

In re:
**Green Copper Holdings, LLC, et al.,**
Debtors.

**Cynthia Diane Blanchard,**
Appellant,

v.

**Patrick J. Malloy, Chapter 7 Trustee,**
Appellee.

Case No. 25-10088-T

## APPELLANT'S STATEMENT OF ISSUES TO BE PRESENTED

Pursuant to Fed. R. Bankr. P. 8009, Appellant Cynthia Diane Blanchard states that the issues to

be presented on appeal are:

1. Whether the bankruptcy court denied Appellant procedural due process by permitting
   late-disclosed witness testimony and documentary evidence immediately before the
   January 12, 2026 claim hearing and proceeding with the hearing without providing a pro
   se claimant a meaningful opportunity to review, investigate, and respond to that evidence.

2. Whether the bankruptcy court abused its discretion in denying Appellant's Motion to
   Strike Trustee's late-filed witness list and undisclosed exhibit (Docket No. 403).

3. Whether the bankruptcy court abused its discretion by proceeding with the January 12,
   2026 claim hearing after Appellant filed a Notice of Non-Appearance and Continuing
   Objection (Docket No. 404) raising safety concerns and due-process objections.

4. Whether the bankruptcy court erred in disallowing Appellant's claim where the ruling relied on testimony and evidence that Appellant did not have a meaningful opportunity to challenge.

5. Whether the bankruptcy court abused its discretion in denying Appellant's Motion to Alter or Amend Judgment (Docket No. 449).

6. Whether the bankruptcy court's procedures, taken as a whole, prevented Appellant from fairly presenting material documentary evidence relevant to her claim.

7. Whether the bankruptcy court's admission and reliance upon witness testimony and documentary evidence disclosed shortly before the January 12, 2026 claim hearing deprived Appellant of a fair opportunity to respond and materially affected the outcome of the claim determination.

Appellant reserves the right to rely upon any additional arguments fairly encompassed within these issues and supported by the record on appeal.

Date: March 12, 2026

Respectfully submitted,

Cynthia Diane Blanchard
414 SE Washington Blvd., Ste. 205
Bartlesville, OK 74006
Phone: 310-435-5707
Appellant, Pro Se

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of March, 2026, a true and correct copy of the foregoing Appellant's Statement of Issues to be Presented was served via the Court's CM/ECF system upon all parties receiving electronic notice in this case, including:

Patrick J. Malloy III
Malloy Law Firm, P.C.
401 S. Boston Ave., Suite 500
Tulsa, OK 74103
Attorney for Chapter 7 Trustee

Respectfully submitted,

*Cynthia Diane Blanchard*

Cynthia Diane Blanchard
414 SE Washington Blvd., Ste. 205
Bartlesville, OK 74006
Appellant, Pro Se

**EXHIBIT 4**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA



In re:
Green Copper Holdings, LLC, et al.,
Debtors.

Cynthia Diane Blanchard,
Appellant,

v.

Patrick J. Malloy, Chapter 7 Trustee,
Appellee.

Case No. 25-10088-T

**APPELLANT'S DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL**

Pursuant to Fed. R. Bankr. P. 8009, Appellant Cynthia Diane Blanchard designates the following

items for inclusion in the record on appeal:

1.  Claim No. 1-2 filed by Cynthia Diane Blanchard.

2.  Docket No. 144 – Trustee's Objection to Claim.

3.  Docket No. 202 – Response by Cynthia Diane Blanchard to Trustee's Objection to Claim.

4.  Docket No. 357 – Notice of Intent to Rest on the Docket for Claim 1-2.

5.  Docket No. 367 – Order Setting Telephonic Status Hearing.

6.  Docket No. 380 – Minute entry for Status Hearing held on December 3, 2025.

7.  Docket No. 381 – Order Setting Hearing for January 12, 2026.

8.  Docket No. 391 – Claimant's Designation of Record and Notice of Non-Appearance Regarding January 12, 2026 Claim Hearing.

9.  Docket No. 396 – Notice of Filing Previously-Produced Discovery in Support of Claimant's Designation of Record.

10.  Docket No. 396-1 – Exhibit 1 to Docket No. 396.

11.  Docket No. 396-2 – Exhibit A to Docket No. 396.

12.  Docket No. 396-3 – Exhibit 2 to Docket No. 396.

13.  Docket No. 401 – Trustee's Brief in Support of Objection to Claim.

14.  Docket No. 402 – Claimant's Motion to Strike Trustee's Late-Filed Witness List and
     Undisclosed Exhibit, and Objection to Expansion of the Record.

15.  Docket No. 403 – Order Denying Motion to Strike.

16.  Docket No. 404 – Notice of Non-Appearance and Continuing Objection.

17.  Docket No. 405 – Minute entry for hearing held January 12, 2026.

18.  Docket No. 406 – Corrected Minute entry for hearing held January 12, 2026.

19.  Docket No. 412 – Order Setting Evidentiary Hearing by Video Conference and
     Establishing Related Deadlines.
     (Only because it may be relevant to Appellant's procedural argument concerning the
     distinction between the January 12 claim hearing and the separately designated
     evidentiary hearing.)

20.  Docket No. 432 – Memorandum Opinion entered February 27, 2026.

21.  Docket No. 433 – Order Sustaining Objection and Disallowing Claims.

22.  Docket No. 440 – Motion to Alter or Amend Judgment Pursuant to Fed. R. Bankr. P.
     9023.

23.  Docket No. 444 – Trustee's Objection to Motion to Alter or Amend Judgment.

24.  Docket No. 445 – Claimant's Reply to Trustee's Objection to Motion to Alter or Amend
     Judgment.

25. Docket No. 448 – Corrected Memorandum Opinion entered March 10, 2026.

26. Docket No. 449 – Order Denying Motion to Alter or Amend Judgment.

27. Docket No. 452 – Notice of Appeal and Statement of Election to District Court.

28. Docket No. 457 – Motion for Stay Pending Appeal.

29. Docket No. 458 – Motion to Supplement the Record on Appeal.

30. Docket No. 459 – Order Denying Motion to Supplement the Record on Appeal.

31. The bankruptcy court docket sheet in Case No. 25-10088-T.

32. Any transcript of the January 12, 2026 claim hearing, to the extent one has already been

prepared and filed in the bankruptcy court record.

Appellant reserves the right to supplement this designation if necessary pursuant to Fed. R.
Bankr. P. 8009.

Date: March 12, 2026

Respectfully submitted,

Cynthia Diane Blanchard
414 SE Washington Blvd., Ste. 205
Bartlesville, OK 74006
Phone: 310-435-5707
Appellant, Pro Se

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of March, 2026, a true and correct copy of the foregoing Appellant's Designation of Items to be Included in the Record on Appeal was served via the Court's CM/ECF system upon all parties receiving electronic notice in this case, including:

Patrick J. Malloy III
Malloy Law Firm, P.C.
401 S. Boston Ave., Suite 500
Tulsa, OK 74103
Attorney for Chapter 7 Trustee

Respectfully submitted,

Cynthia Diane Blanchard
414 SE Washington Blvd., Ste. 205
Bartlesville, OK 74006
Appellant, Pro Se