IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

Civil Action No. 4:26-cv-00140-CVE
(Bankr. No. 25-10088-T)

In Re:

GREEN COPPER HOLDINGS, LLC,
COPPER TREE, INC. and
THE INN AT PRICE TOWER INC.,

     Substantively Consolidated Debtors.

---

CYNTHIA BLANCHARD,

     Appellant,

v.

PATRICK J. MALLOY, III, TRUSTEE

     Appellee.

---

### TRUSTEE/APPELLEE'S OBJECTION TO EMERGENCY MOTION FOR STAY PENDING APPEAL (DOC. NO. 5) ("Motion")

---

Comes now the Trustee and states:

1. Cynthia Diane Blanchard ("Blanchard") filed the motion seeking to stay the distribution of "estate funds pending appeal and waiving any bond requirement." It should be noted that Blanchard filed a similar motion in the bankruptcy proceedings and the bankruptcy court has now scheduled a telephonic conference to consider that matter on April 7, 2026 (Doc. No. 469).

2. Given the fact that the ultimate distribution of the estate is the goal of every bankruptcy proceeding, Blanchard is, in essence, seeking to stay these proceedings pending her appeal.

3. The request for stay is based on *Fed. R. Bankr. P.* 8007(a)(1).

4. It is fundamental that the decision of whether to grant a stay pending appeal is left to the discretion of the Court. *See Lang v. Lang (In re Lang)*, 305 B.R. 905 (10th Cir. BAP 2004). It is also fundamental that "a stay is an intrusion into the ordinary process of administration of judicial review, and accordingly is not a matter of right, even if irreparable injury might otherwise result to the appellant." *Niken v. Holder* 556 U.S. 418, 427, 129 S.Ct 1749 (2009). In this instance, Blanchard "bears the burden of showing that circumstances justify an exercise of that discretion." *See Niken* 556 U.S. at 434.

5. In exercising this Court's discretion, the Court is guided by four well-established factors:
   a. the likelihood that the party seeking the stay will prevail on the merits of the Appeal;
   b. the likelihood that the moving party will suffer irreparable injury unless the stay is granted;
   c. whether granting the stay will result in substantial harm to the other parties to the Appeal;
   d. and the effect of granting the stay upon the public interest.

*Lang* 305 B.R. at 911. A motion to stay should only be granted when **all four factors** have been satisfied. *See In re Renfrow v. Grogan (In re Renfrow)* 2021 U.S. Dist LEXIS 203104 (N.D. Okla 2021), quoting *Niken v. Holder* 556 U.S. at 435.

6. As an overlay of the standard formulation, courts also consider the importance and novelty of the issues being appealed. *See Charles Alan Wright and Arthur R Miller* 11 Federal Practice

and Procedure § 2904 (3d ed. Supp. 2004) ("Many courts also take into account that the case raises substantial difficult or novel legal issues meriting a stay.")

7. **BLANCHARD HAS NOT AND CANNOT ESTABLISH LIKELIHOOD OF SUCCESS –** Blanchard acknowledges the applicability of this criteria but fails in any manner to even address the issue. There must be more than a "mere possibility" of success on the merits. *Niken* 556 US at 434. The "probability of success is demonstrated when the petitioner seeking the stay has raised questions going to the merits so serious, substantial, difficult and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation." *Morreale* 2015 U.S. Dist. LEXIS 10921, 2015 WL 429502 (quoting *Mainstream Mktg* 345 F3d 850, 853 (10th Cir. 2003). In the instant case, the Bankruptcy Court's Memorandum Opinion and Order addressed basic issues regarding whether or not Blanchard established the total amounts of her alleged advances and/or whether or not such advances were treated by the parties as loans. There was nothing unique, complex or extraordinary about the issues surrounding Blanchard's claim. It is also noteworthy that the Court's decision followed an evidentiary hearing at which time Blanchard failed to appear and or present any evidence of any kind. Under these circumstances, the Trustee would argue there is not even a possibility of success on the appeal.

8. **BLANCHARD'S HARM—**The Trustee acknowledges the possibility that absent a stay the Trustee will continue to administer the estate and ultimately, subject to an order of the Bankruptcy Court, disburse all estate funds to the creditors—and thus render the appeal moot. However, this prong of the test must be viewed in relationship to the next prong—harm to the creditors. Blanchard "must show that the balance of harms tips in favor of granting the stay." *See ACC Bondholder Group v. Adelphia Communications Corp. (In re Adelphia Communications*

*Corp)* 316 B.R. 337, 349 (S.D.N.Y. 2007. Cited by *In Re Stewart* 604 B.R. 900 (Bankr. W.D. 2019).

9.  **SUBSTANTIAL HARM TO THE CREDITORS**—The Trustee/Appellee would advise this Court that the underlying bankruptcy case has been fully administered and the Trustee is in the process of preparing his Final Report and Proposed Distribution to creditors. The allowed claims against this estate are approximately $1.5 million. The approximate sums available to be paid to creditors is $1.1 million. If a stay is entered, the creditors of the estate will be required to wait months or longer before they can be paid. They will receive no interest or other compensation for the delay in distributing funds. Blanchard is, in essence, asking the creditors to finance her appeal. Blanchard cannot show that the balance of these respective harms weigh in favor of a stay. The Trustee argues that this harm is closely tied to the next prong of the test—the public interest.

10. **PUBLIC INTEREST IN PROMPT ADMINISTRATION OF JUSTICE**—It is well recognized that that the prompt administration of a bankruptcy estate is a "chief purpose of the bankruptcy laws." *Katchen v. Landy* 382 U.S. 323, 328, 86 S.Ct. 467 (1966). In the matter of *In re Doctors Hospital* of *Hyde Park Inc.* 318 B.R. 263, 272 (S.D. N.Y. 2007), the court stated: "The public policy behind bankruptcy is the equality of distribution to creditors within the priorities established by the Code within a **reasonable period of time**" (emphasis added). See also *In re Metiom Inc.* 318 B.R. 263, 272 (S.D.N.Y. 2004) (the public interest favors the expeditious administration of bankruptcy cases, and also recognizes the desirability of implementing the legitimate expectations of creditors to be paid). The requested stay is antithetical to the public interest in the efficient and timely administration of bankruptcy proceedings.

11. **NO COMPLEX ISSUES**—With respect to the overlay considerations discussed above there are no substantial, difficult or novel legal issues involved in this appeal that warrant the issuance of a stay. Blanchard simply failed to produce any evidence at the evidentiary hearing conducted in this matter to support her claim.

**CONCLUSION:** Blanchard has failed to even address the first criteria for granting a stay—likelihood of success. Moreover, given her failure to attend the evidentiary hearing, the uncontroverted evidence introduced at the hearing, and the Court's own reasoned analysis of the relevant facts and circumstances, there is in reality no possibility of success on appeal. In addition, a stay will indeed cause harm to the creditors of this estate and a stay under these facts is inconsistent with the public interest in the efficient administration of bankruptcy estate.

Wherefore, the Trustee prays for an order denying the Motion for Stay.

Respectfully Submitted by:

/s/ Patrick J. Malloy III
Patrick J. Malloy III, OBA #5647
MALLOY LAW FIRM, P.C.
401 S. Boston Ave. Suite 500
Tulsa, Oklahoma 74103
Telephone: 918-699-0345
Fax: 918-699-0325
*ATTORNEYS FOR TRUSTEE*