FILED

MAR 19 2026

Heidi D. Campbell, Clerk
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

Cynthia Blanchard,
Appellant,

v.

Patrick J. Malloy, III,
Chapter 7 Trustee,
Appellee.

Case No. 26-cv-00140-CVE

Appeal from the United States Bankruptcy Court
for the Northern District of Oklahoma
Bankruptcy Case No. 25-10088-T

**APPELLANT'S REPLY IN SUPPORT OF EMERGENCY MOTION FOR STAY
WITHOUT BOND PENDING APPEAL**

Appellant Cynthia Diane Blanchard respectfully submits this reply in support of her Emergency Motion for Stay Pending Appeal.

The Trustee's objection attempts to characterize the January 12, 2026 claim hearing as a situation where Appellant simply failed to appear or present evidence. The record reflects a very different procedural history. Appellant actively participated in the claims process, submitted documentary evidence supporting her claim, and preserved her objections to procedural irregularities prior to the hearing.

The appeal raises substantial questions regarding the conduct of the claim hearing and the late introduction of evidence. A stay is necessary to preserve this Court's ability to review those issues before the estate is closed and funds are distributed.

## I. THE RECORD REFLECTS THAT APPELLANT PARTICIPATED AND PRESERVED HER OBJECTIONS

Appellant participated throughout the claims process and submitted extensive documentation supporting her claim.

Appellant's safety concerns were not newly raised on the eve of the hearing. They had been communicated to the Trustee months earlier. On August 7, 2025, Appellant emailed the Trustee directly explaining that her safety concerns arose from ongoing harassment by an individual who had previously been arrested for stalking and felony computer crimes, and that those circumstances prevented her from safely appearing in a public hearing setting. A true and correct copy of that communication is attached as Exhibit A.

On December 16, 2025, Appellant filed a designation of record and notice that she would not appear at the January 12 hearing due to those previously communicated safety concerns (Doc. 391). That filing therefore reflected previously communicated concerns rather than a last-minute assertion.

Prior to the January 12, 2026 hearing, Appellant filed multiple documents placing the evidentiary record before the Court and preserving her objections.

On December 29, 2025, Appellant filed previously produced discovery materials to ensure the Court had access to sworn discovery responses and supporting exhibits already produced to the Trustee (Doc. 396).

These filings ensured that the evidentiary record supporting Appellant's claim was before the Court prior to the hearing.

Appellant did not abandon the claim. Rather, she relied on the documentary record that had already been produced and filed in the case.

## II. THE TRUSTEE INTRODUCED NEW WITNESSES AND EVIDENCE LESS THAN ONE BUSINESS DAY BEFORE THE HEARING

On January 9, 2026—less than one business day before the scheduled January 12 hearing—the Trustee filed and transmitted a new witness list and an additional exhibit that had not previously been disclosed during discovery.

The materials were transmitted at approximately 11:30 a.m. on Friday, January 9, 2026, leaving less than one full business day before the Monday morning hearing.

Appellant immediately objected and filed a Motion to Strike the Trustee's Late-Filed Witness List and Undisclosed Exhibit, arguing that the attempted expansion of the evidentiary record on the eve of the hearing violated fundamental principles of notice, fairness, and due process.

The Trustee did not seek leave of Court to supplement the record and did not demonstrate good cause for the late disclosure.

Appellant further preserved these objections by filing a Notice of Non-Appearance and Continuing Objection on the morning of the January 12 hearing, again objecting to the admission or reliance upon previously undisclosed witnesses or evidence and expressly resting on the docketed record.

These filings demonstrate that the procedural issues raised in this appeal were preserved before the hearing occurred.

## III. THE APPEAL PRESENTS SERIOUS PROCEDURAL QUESTIONS WARRANTING APPELLATE REVIEW

At this stage, Appellant is not required to prove that she will ultimately prevail on appeal. Rather, she must demonstrate that the appeal raises substantial questions appropriate for appellate review.

The appeal raises significant procedural issues reflected in the record, including:

• the introduction of a new witness list and additional exhibit transmitted on January 9, 2026—approximately 11:30 a.m. on the Friday preceding the Monday morning January 12 hearing—after discovery had closed and after Appellant had already designated the record and filed supporting materials (Docs. 391, 396, 402);

• the expansion of the evidentiary record immediately before the scheduled hearing, despite the matter having been noticed and prepared on the existing documentary record;

• the denial of Appellant's motion seeking to strike the newly introduced witness list and exhibit (Doc. 403), followed by the January 12 hearing at which Appellant preserved her objections and notice of non-appearance (Doc. 404); and

• whether the claim was adjudicated in a manner consistent with fundamental procedural fairness where Appellant had previously placed the documentary record before the Court and objected to the expansion of that record.

These issues are preserved in the bankruptcy court docket (Docs. 391, 396, 402, 403, 404, 405, 406, 433) and present substantial questions appropriate for appellate review.

Because the appeal raises significant procedural questions regarding the conduct of the claim hearing and the record upon which the claim was adjudicated, the standard for a stay pending appeal is satisfied.

## IV. WITHOUT A STAY, THE APPEAL RISKS BECOMING MOOT

The Trustee's filings indicate that he intends to proceed toward closing the estate and distributing funds to creditors.

If those distributions occur before the appeal is resolved, meaningful relief may become impossible even if the appeal ultimately succeeds. Once estate funds are distributed to multiple parties, the practical ability of an appellate court to restore the status quo is significantly impaired.

Courts routinely recognize that bankruptcy appeals may become moot where estate funds are distributed before appellate review occurs. Maintaining the status quo pending resolution of the appeal is therefore necessary to preserve this Court's ability to provide effective relief.

## V. A BOND SHOULD NOT BE REQUIRED

The Trustee requests that a bond be imposed but provides no basis for doing so.

Appellant is a pro se creditor seeking appellate review of the order disallowing her claim. She does not seek to obtain funds from the estate or otherwise alter the status quo. Rather, she seeks only to preserve the Court's ability to review the issues raised on appeal.

Requiring a bond under these circumstances would effectively foreclose meaningful appellate review for Appellant.

Because the requested stay merely preserves the status quo pending resolution of the appeal, a bond is not necessary.

## VI. THE BALANCE OF EQUITIES FAVORS PRESERVING THE STATUS QUO

The Trustee emphasizes the interest of creditors in concluding the estate administration. However, a temporary stay pending appellate review simply preserves the status quo while the Court considers the issues raised on appeal.

In contrast, denying a stay risks rendering the appeal meaningless if the estate is closed and funds distributed before the appeal can be decided.

Under these circumstances, the balance of equities favors granting the requested stay.

## CONCLUSION

For the foregoing reasons, Appellant respectfully requests that the Court grant a stay pending appeal without bond in order to preserve the Court's ability to provide meaningful appellate review.

Date:  March 19, 2026


Respectfully submitted,

Cynthia Blanchard
Appellant, Pro Se
414 SE Washington Blvd., Ste. 205
Bartlesville, OK 74006
Telephone: 310-435-5707
Email: cynthiadblanchard@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 19, 2026, a true and correct copy of the foregoing *Appellant's Reply in Support of Emergency Motion for Stay Without Bond Pending Appeal* was filed with the Clerk of the United States District Court for the Northern District of Oklahoma. I further certify that a copy of this filing was served electronically on Patrick J. Malloy, III, Chapter 7 Trustee.

*Cynthia Blanchard*

Cynthia Blanchard
Appellant, Pro Se
414 SE Washington Blvd., Ste. 205
Bartlesville, OK 74006
Telephone: 310-435-5707
Email: cynthiadblanchard@gmail.com

# EXHIBIT A

 Gmail

Cynthia <cynthiadblanchard@gmail.com>

## Personal Safety and Proposed Resolution Regarding Claim No. 2-2 filed in Copper Tree, Inc., and Claim No. 1-2 filed in Green Copper Holdings, LLC,

**Cynthia** <cynthiadblanchard@gmail.com>                                    Thu, Aug 7, 2025 at 3:50 PM
To: Pat Malloy <pjmiiim@sbcglobal.net>
Cc: Mark Sanders <msanders@gablelaw.com>
Bcc: Cynthia French blanchard <cdfblanchard@gmail.com>

Pat,

I'm writing in advance of the upcoming public conference call to address a serious ongoing safety concern and to propose a potential resolution regarding my claim.

As you know, I have been the target of sustained stalking and harassment by Michael Eric Nelson for over six years. His behavior has been threatening, predatory, and persistent — including direct interference with this bankruptcy process and the auction itself. His arrest and subsequent felony computer crimes trial in Washington County in February 2023 led to a dangerous pattern of retaliation and escalation, which you have personally witnessed. His current whereabouts is unknown, and I believe he is a serious, unpredictable and ongoing threat. To my knowledge, this matter remains under the jurisdiction of the U.S. Attorney's Office, although I have not received any recent updates regarding its status.

Due to this ongoing risk, I cannot appear in any public setting — including virtual hearings — as doing so could compromise my personal safety. If necessary, I will submit a written statement to the docket, but I will not participate in any public or semi-public proceeding. Any forum that Michael Eric Nelson can access, he will exploit — using it to further harass me, disrupt the court process, and target those associated with these proceedings.



Thank you very much for your time and consideration of this matter.

Best,

Cynthia