## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

IN RE GREEN COPPER HOLDINGS, LLC,
and THE INN AT PRICE TOWER INC.,

      Debtors.

_____

CYNTHIA BLANCHARD,

      Appellant,

v.

PATRICK J. MALLOY, III, Chapter 7
Trustee,

      Appellee.

Civil Action No. 26-cv-00140-CVE

Bankr. No. 25-10088-T
Chapter 7

---

### ORDER DENYING EMERGENCY MOTION FOR STAY PENDING APPEAL

---

### I.      Introduction

Appellant appeals the Bankruptcy Court's *Order Denying Motion to Alter or Amend Judgment* [Bankr. ECF No. 449] ("Reconsideration Order") and the *Order Sustaining Objection and Disallowing Claims* [Bankr. ECF No. 433] ("Order Disallowing Claims"). On March 13, 2026, Appellant filed an *Emergency Motion for Stay Pending Appeal Without Bond* [ECF No. 5] ("Stay Motion") with this Court requesting "an order staying further administration and distribution of estate funds pending resolution of this appeal."[1] On March 17, 2026, Appellee filed his *Trustee/Appellee's Objection to Emergency Motion for Stay Pending Appeal (Doc. No. 5)("Motion")* [ECF No. 7]. On March 19, 2026, Appellant filed her

---

[1] Stay Motion at 7.

*Appellant's Reply in Support of Emergency Motion for Stay Without Bond Pending Appeal* [ECF No. 9]

(Reply").

### II.    Legal Standard

Federal Rule of Bankruptcy Procedure ("Rule") 8007 provides that this Court may issue a stay of an order pending appeal.[2] Pursuant to Rule 8007(b)(3), a motion for stay must include the following: "(A) the reasons for granting the relief requested and the facts relied on; (B) affidavits or other sworn statements supporting facts subject to dispute; and (C) relevant parts of the record."[3] The party requesting a stay bears the burden of showing that the circumstances justify an exercise of the court's discretion.[4] The Tenth Circuit has adopted the preliminary injunction standard as the standard for granting or denying a stay pending appeal.[5] Thus, a movant seeking a stay pending appeal must show (1) "a substantial likelihood of prevailing" on the merits; (2) irreparable harm unless a stay is issued; (3) that the threatened injury outweighs the harm that the stay may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest.[6]

The first two factors are the most critical.[7] It is not enough that the chance of success on the merits is "better than negligible."[8] The mere possibility of success on the merits is insufficient for the likelihood of success factor.[9] Additionally, while the Tenth Circuit does not appear to have addressed the issue of when or whether mootness constitutes irreparable harm, other courts have held that a risk of mootness, standing alone, does not constitute irreparable harm. In the same vein, other courts have

---

[2] Fed. R. Bankr. P. 8007(b).

[3] Fed. R. Bankr. P. 8007(b)(3).

[4] *Nken v. Holder*, 556 U.S. 418, 433–34 (2009).

[5] *Warner v. Gross*, 776 F.3d 721, 728 (10th Cir.), *aff'd sub nom. Glossip v. Gross*, 576 U.S. 863 (2015) (adopting the preliminary injunction standard as the standard for granting or denying a stay pending appeal).

[6] *Diné Citizens Against Ruining Our Environment v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016).

[7] *Nken*, 556 U.S. at 434.

[8] *Id.*

[9] *Id.*

recognized that, while mootness by itself may constitute irreparable injury, a showing of likelihood of success on the merits of the appeal is required in order to find that a stay is warranted.[10]

### III.    Appellant's Arguments

Appellant argues the appeal "raises substantial questions regarding the procedural fairness of the proceedings below" and lists the three issues presented.[11] Additionally, Appellant argues there will be irreparable harm absent a stay because the appeal may become moot.[12] In support, she cites *In re Adelphia* for the proposition that potential mootness of an appeal due to estate distributions constitutes irreparable harm warranting a stay.[13] Next, Appellant argues the balance of equities favors a stay because "[a] limited delay in distribution imposes minimal burden on the estate."[14] Finally, Appellant argues the public interest is served "by ensuring that appellate courts retain the ability to review potentially significant legal issues arising from bankruptcy proceedings."[15]

### IV.    Discussion

As an initial matter, the Court notes Appellant has failed to comply with the procedural requirements outlined in Rule 8007(b)(3) by failing to include affidavits or other sworn statements

---

[10] *In re River Canyon Real Estate Invests., LLC*, No. 12-20763, 2013 WL 4792277, at *5 (Bankr. D. Colo. Aug. 7, 2013) (unpublished) ("A majority of courts have held that a risk of mootness, standing alone, does not constitute irreparable harm. A minority of courts recognize mootness by itself may constitute irreparable injury, but these courts also require a showing of likelihood of success on the merits of the appeal in order to find that a stay is warranted." (citations omitted) (citing cases)); 6A Bankr. Service L. Ed. § 58:262 ("'Irreparable harm' is threatened . . . where denial of stay would risk mooting an appeal that raises significant claims of error; however, seriousness of that threat is inextricably related to appellant's likelihood of success on the merits." (citing *In re BGI, Inc.*, 504 B.R. 754 (S.D.N.Y. 2014))); *see also* 9E Am. Jur. 2d Bankruptcy § 3755 ("'Irreparable harm' should only be found where there is a risk of mooting *significant claims of error*." (emphasis added)).

[11] Stay Motion at 4–5. In the Reply, Appellant again lists "procedural issues," contends she preserved these issues on appeal by objecting prior to the relevant hearing, and states that these issues present substantial questions appropriate for appellate review. Reply at 5.

[12] *Id.* at 4.

[13] *Id.* (citing *In re Adelphia Commc'ns Corp.*, 361 B.R. 337, 348 (S.D.N.Y. 2007)).

[14] *Id.* at 5.

[15] *Id.* at 6.

supporting facts subject to dispute and by failing to include relevant parts of the record. Further, as described below, Appellant has failed to meet the substantive requirements meriting a stay. Specifically, Appellant has failed to demonstrate a substantial likelihood of success on the merits of her appeal. Although she identifies issues presented in the appeal and argues she preserved those issues on appeal by objecting below, she fails to make any arguments or provide any authority supporting why she is likely to succeed on appeal based on these issues. Appellant also fails to demonstrate she will suffer irreparable harm. While this appeal may ultimately become moot, such mootness does not rise to the level of irreparable harm because Appellant has failed to show a likelihood of success on the merits.[16]

For the foregoing reasons, IT IS **ORDERED** that the Stay Motion is **DENIED**.

DATED: March 20, 2026

BY THE COURT:

Claire V. Eagan
United States District Judge

---

[16] *In re River Canyon Real Estate Invests., LLC*, 2013 WL 4792277, at *5.