**FILED**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

MAR 27 2026

Heidi D. Campbell, Clerk
U.S. DISTRICT COURT

Cynthia Blanchard,
Appellant,

v.

Patrick J. Malloy, III,
Chapter 7 Trustee,
Appellee.

Case No. 26-cv-00140-CVE

Appeal from the United States Bankruptcy Court
for the Northern District of Oklahoma
Bankruptcy Case No. 25-10088-T

**APPELLANT'S MOTION TO SUPPLEMENT THE RECORD ON APPEAL**
**PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 8009(e)(2)(C)**

Appellant Cynthia Blanchard, appearing pro se, respectfully moves this Court, pursuant to Federal Rule of Bankruptcy Procedure 8009(e)(2)(C), for an order supplementing the record on appeal to include the document filed in the underlying Bankruptcy Court on March 23, 2026, at Docket No. 474 (Bankruptcy Case No. 25-10088-T). A true and correct copy of that filing is attached hereto as Exhibit 1.

On or about March 11, 2026, Appellant provided the Bankruptcy Court Clerk with her designation of items to be included in the record on appeal. That designation was transmitted to this Court and could not include the document filed on March 23, 2026, because that document had not yet been filed in the Bankruptcy Court.

The document filed at Bankruptcy Docket No. 474 relates to Appellant's preserved objections concerning the conduct of the January 12, 2026 claim hearing — the same procedural issues that are the subject of this appeal. The document was filed on the Bankruptcy Court docket and has not been denied or stricken.

Federal Rule of Bankruptcy Procedure 8009(e)(2) provides that if anything material to either party is omitted from the record by error or accident, the omission may be corrected, and a supplemental record may be certified and transmitted by the court where the appeal is pending. The omission here resulted solely from the timing of the March 23, 2026 filing, which occurred after the initial designation. It was not due to any lack of diligence on Appellant's part.

Inclusion of this filing will ensure that the record on appeal is complete and accurately reflects the full context of the matters presented to the Bankruptcy Court regarding the procedural issues on appeal. Supplementing the record with this document will not prejudice any party, as the document is already part of the public docket in the underlying Bankruptcy Court.

WHEREFORE, Appellant respectfully requests that the Court grant this Motion and enter an order supplementing the record on appeal to include Bankruptcy Docket No. 474, filed March 23, 2026, attached hereto as Exhibit 1, and, if necessary, directing the Bankruptcy Court Clerk to certify and transmit it as part of a supplemental record.

Date: March 27, 2026

Respectfully submitted,

Cynthia Blanchard
Appellant, Pro Se
414 SE Washington Blvd., Ste. 205
Bartlesville, OK 74006
Telephone: (310) 435-5707
Email: cynthiadblanchard@gmail.com

**CERTIFICATE OF SERVICE**

I, Cynthia Blanchard, hereby certify that on this 27th day of March, 2026, a true and correct copy of the foregoing Motion to Supplement the Record on Appeal, together with Exhibit 1, was served on the Chapter 7 Trustee via CM/ECF system, which will send notification to all counsel of record.

Cynthia Blanchard
Appellant, Pro Se
414 SE Washington Blvd., Ste. 205
Bartlesville, OK 74006
Telephone: (310) 435-5707
Email: cynthiadblanchard@gmail.com

# EXHIBIT 1

Case 25-10088-T   Document 11   Filed in USDC ND/OK on 03/27/26   Page 5 of 44

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

In re:
Green Copper Holdings, LLC, et al.,
Debtors.

Cynthia Diane Blanchard,
Claimant/Appellant
v.
Patrick J. Malloy, Chapter 7 Trustee,
Respondent/Appellee.

Case No. 25-10088-T

**CLAIMANT'S REPLY TO TRUSTEE'S OBJECTION TO MOTION FOR STAY PENDING APPEAL WITHOUT BOND (ECF No. 457)**

Cynthia Diane Blanchard, appearing pro se, respectfully replies to the Trustee's Objection (ECF No. 465) and states:

## 1. Likelihood of Success on Appeal

The Trustee asserts that Claimant failed to address this factor. That assertion is incorrect. The appeal presents both clear procedural due-process violations and substantive error that are likely to succeed under the clear-error and abuse-of-discretion standards. These issues present substantial questions on appeal and demonstrate a likelihood of success sufficient to support a stay.

**Procedural Due Process**: The January 12, 2026 hearing was never specifically noticed as an evidentiary hearing. The Trustee filed a new witness (Keffer) and evidence at 11:30 a.m. on Friday, January 9. Claimant's objection was denied late that afternoon on a technical basis. As a pro se litigant who must file in person and lives one hour from

the courthouse, Claimant had no practical ability to prepare and file a response the same day. Claimant filed a courier objection at 8:33 a.m. Monday (ECF No. 404). Shortly after the hearing, the Court first entered a minute order taking the matter under advisement (ECF No. 405), then issued a corrected minute order that expressly addressed and overruled the objection (ECF No. 406). Proceeding under these circumstances deprived Claimant of a meaningful opportunity to respond and be heard, in violation of due process.

Claimant's decision to rest on the written record was driven by serious, documented safety concerns involving an individual who has repeatedly stalked her and inserted himself into this docket. Claimant obtained an Emergency Protective Order against this individual (redacted Exhibit E). The order could not be served until after he was arrested in December 2021 (redacted Exhibit F), Claimant was later subpoenaed to testify at his criminal trial in February 2023 (redacted Exhibit G).

These concerns were previously raised directly with the Trustee (Exhibit B) and in Claimant's Reply to the 9023 Objection (Exhibit D), and with counsel who communicated them to the U.S. Trustee. The Trustee himself referred Claimant to an Assistant U.S. Attorney regarding the matter. All exhibits containing personal information have been redacted pursuant to Fed. R. Bankr. P. 9037 and for Claimant's personal safety.

**Substantive Error**: The Trustee relied on Keffer's testimony that she was "unaware of any loans." Yet Keffer herself forwarded to Claimant the September 2023 Consolidated Balance Sheet (Exhibit A) that lists the exact loan under account 28100 – Loans from Cynthia Blanchard. The Trustee possessed Claimant's QuickBooks transactions and

bank statements. Claimant believes the company's consolidated balance sheets, including those submitted with the March 2, 2026 9023 Motion, were available in the record.

The 9023 Order (ECF No. 449, Exhibit C) itself directed Claimant to appeal if she believed a mistake was made — which she has now done.

## 2. Irreparable Harm

The Trustee's Objection admits he is preparing to close the estate and distribute funds. Once distributed to third parties, recovery becomes impracticable and the appeal risks becoming equitably moot, eliminating any meaningful relief. This constitutes classic irreparable harm in bankruptcy appeals.

## 3. No Substantial Harm to Others / Public Interest

A limited stay only on distribution (while the appeal is fully briefed and resolved by the District Court) causes no delay to administration and serves the public interest in fair claim adjudication and due process.

## 4. Bond

Claimant is pro se with no ability to post a bond. Courts routinely waive it when the stay is narrowly tailored.

## Conclusion

All four factors strongly favor a stay. Claimant respectfully requests the Court grant the Motion for Stay Pending Appeal Without Bond and enter an order halting distribution until the appeal is resolved.

Date: March 23, 2026

Respectfully submitted,

Cynthia Diane Blanchard
Claimant/Appellant, Pro Se
414 SE Washington Blvd., Ste. 205
Bartlesville, OK 74006
Telephone: 310-435-5707

**Exhibits Attached:**

- Exhibit A: Keffer Gmail forward + September 2023 Consolidated Balance Sheet

- Exhibit B: August 7, 2025 safety email to Trustee Malloy

- Exhibit C: Order Denying 9023 Motion (ECF No. 449)

- Exhibit D: Claimant's Reply to 9023 Objection (ECF No. 445)

- Exhibit E: Redacted Protective Order

- Exhibit F: Redacted Police Report

- Exhibit G: Redacted Witness Subpoena

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

In re:
Green Copper Holdings, LLC, et al.,
Debtors.

Cynthia Diane Blanchard,
Claimant/Appellant
v.
Patrick J. Malloy, Chapter 7 Trustee,
Respondent/Appellee.

Case No. 25-10088-T

## DECLARATION OF CYNTHIA DIANE BLANCHARD

I, Cynthia Diane Blanchard, declare under penalty of perjury under the laws of the United

States of America that the foregoing Reply and the facts stated therein, including the

descriptions of attached Exhibits A through G, are true and correct.

Executed on: March 23, 2026.

Cynthia Diane Blanchard
Claimant/Appellant, Pro Se
414 SE Washington Blvd., Ste. 205
Bartlesville, OK 74006
Telephone: 310-435-5707

## Certificate of Service

I, Cynthia Diane Blanchard, hereby certify that on this 23rd day of March, 2026, a true and correct copy of the foregoing claimant's reply to trustee's objection to motion for stay pending appeal without bond (ECF No. 457), together with all attached exhibits, was filed with the Clerk of the United States Bankruptcy Court for the Northern District of Oklahoma.

I further certify that, pursuant to local practice and the Court's CM/ECF system, electronic service will be made upon all registered participants, including the Chapter 7 Trustee, Patrick J. Malloy, III, and his counsel of record.

Cynthia Diane Blanchard, Pro Se
414 SE Washington Blvd., Ste. 205
Bartlesville, OK 74006
Telephone: (310) 435-5707
Email: cynthiadblanchard@gmail.com

# EXHIBIT A

 Gmail

Cynthia <cynthiadblanchard@gmail.com>

## Fwd: FW: September 2023 Consolidated Balance Sheet

**Cynthia Blanchard** <cynthia@thepricetower.com>
To: cynthiadblanchard@gmail.com

Fri, Mar 6, 2026 at 10:13 AM

-------- Forwarded Message --------
Subject:FW: September 2023 Consolidated Balance Sheet
 Date:Tue, 31 Oct 2023 12:02:35 -0500
 From:Donna Keffer <dkeffer@thepricetower.com>
 To:'Cynthia Blanchard' <cynthia@thepricetower.com>

Donna Keffer /// Executive Director

510 South Dewey Ave /// Bartlesville, OK 74003
O > 918.336.1000 C > 918.409.7006 /// pricetower.org

-----Original Message-----
From: Renee Nichols <rnichols@thepricetower.com> Sent: Wednesday, October 25, 2023 3:37 PM
To: Cynthia Blanchard <cynthia@herasoft.com>
Cc: Donna Keffer <dkeffer@thepricetower.com>
Subject: September 2023 Consolidated Balance Sheet

I have attached the latest balance sheet requested as well as a copy of the SGP Insurance Binder used as basis for the
property value. Please let me know if you need anything else at all.

Renee :-)



**2 attachments**

**22-23 Coverage Proposal - Copper Tree Inc 04.21.23.pdf**
837K

**Consolidated BS - Price Tower - Sep 2023.xlsx**
16K

| Consolidated Balance Sheet As of September 30, 2023 | IPT | Copper Tree |
|---|---|---|
| **ASSETS** | | |
| Current Assets | | |
| Bank Accounts | | |
| 10000 Cash | | |
| 10012 Truity x1262 - 01 | 25.00 | |
| 10013 Truity x1262 - 40 | -6,232.51 | |
| 10014 0001 SAVINGS - 1 | | |
| 10015 0040 CHECKING - 1 | | |
| 10010 Truity x7431 - 01 | | 25.00 |
| 10011 Truity x7431 - 40 | | 665.16 |
| 10016 0001 SAVINGS - 1 | | |
| 10017 0040 CHECKING - 1 | | |
| 0001 SAVINGS - 1 | | |
| 0040 CHECKING - 1 | | |
| 10022 Truity x9278 - 01 (Hotel) | 25.00 | |
| 10023 Truity x9278-40 (Hotel) | 97.79 | |
| Total 10000 Cash | -$ 6,084.72 | $ 690.16 |
| 10100 Cash on Hand | 555.80 | |
| 10200 Clearing Account | 0.00 | |
| Total Bank Accounts | -$ 5,528.92 | $ 690.16 |
| Accounts Receivable | | |
| 12000 Accounts receivable (A/R) | 117.85 | |
| Total Accounts Receivable | $ 117.85 | $ 0.00 |
| Total Current Assets | -$ 5,411.07 | $ 690.16 |
| Fixed Assets | | |
| Buildings | | |
| Total Fixed Assets | | |
| TOTAL ASSETS | -$ 5,411.07 | $ 690.16 |
| **LIABILITIES AND EQUITY** | | |
| Liabilities | | |
| Current Liabilities | | |
| Accounts Payable | | |
| 20000 Accounts Payable (A/P) | 99,512.87 | 336,114.88 |
| Total Accounts Payable | $ 99,512.87 | $ 336,114.88 |
| Other Current Liabilities | | |
| 21000 Customer prepayments | 125.00 | |
| 24000 Payroll wages and tax to pay | 4,887.07 | |
| 24400 Gratuities Payable | 0.00 | |
| 24500 Tips Payable | 0.00 | |
| Total 24000 Payroll wages and tax to pay | $ 4,887.07 | $ 0.00 |
| 25000 Sales tax to pay | | |
| 25100 Oklahoma Sales Tax | 2,494.41 | |
| 25120 Washington County Sales Tax | 554.41 | |
| 25130 Bartlesville Sales Tax | 1,889.74 | |
| 25300 State Liquor Tax | 1,617.85 | |

1

| | | |
|---|---:|---:|
| Total 25000 Sales tax to pay | $ 6,556.41 | $ 0.00 |
| 26000 Intercompany Business Loans | | |
| 26100 Due To / From Green Copper Holdings | 11,646.91 | -9,155.72 |
| 26110 Due To / From Copper Tree Inc | -43,818.49 | |
| 26200 Due To / From CT Operations | 8,699.86 | -9,362.70 |
| 26400 Due To / From Inn at Price Tower | | 43,818.49 |
| 26300 Due To / From Friends of Price Tower | -6,951.61 | -2,408.25 |
| Total 26000 Intercompany Business Loans | -$ 30,423.33 | $ 22,891.82 |
| Customer Prepayments | | |
| 27001 Short-term business loans | 53,649.99 | 0.00 |
| Total Other Current Liabilities | $ 34,795.14 | $ 22,891.82 |
| Total Current Liabilities | $ 134,308.01 | $ 359,006.70 |
| Long-Term Liabilities | | |
| 28000 Long-term loans | | |
| 28100 Loans from Cynthia Blanchard | 41,201.26 | 123,238.46 |
| Total 28000 Long-term loans from shareholders | $ 41,201.26 | $ 123,238.46 |
| Total Long-Term Liabilities | $ 41,201.26 | $ 123,238.46 |
| Total Liabilities | $ 175,509.27 | $ 482,245.16 |
| Equity | | |
| 31000 Asset Revaluation Surplus | | |
| 33000 Retained Earnings | -10,000.00 | -17,500.02 |
| Net Income | -170,920.34 | -464,054.98 |
| Total Equity | -$ 180,920.34 | -$ 481,555.00 |
| TOTAL LIABILITIES AND EQUITY | -$ 5,411.07 | $ 690.16 |
| | | |
| | $ - | $ - |

Friday, Oct 13, 2023 05:39:54 PM GMT-7 - Accrual Basis

| CT Operations | | Green Copper | | Friends of PT | | Consolidated BS | |
|---|---|---|---|---|---|---|---|
| | | | | | | | 25.00 |
| | | | | | | | -6,232.51 |
| | 25.00 | | | | | | 25.00 |
| | 26.93 | | | | | | 26.93 |
| | | | | | | | 25.00 |
| | | | | | | | 665.16 |
| | | | | | 25.00 | | 25.00 |
| | | | | | 760.90 | | 760.90 |
| | | | 25.17 | | | | 25.17 |
| | | | 265.28 | | | | 265.28 |
| | | | | | | | 25.00 |
| | | | | | | | 97.79 |
| $ | 51.93 | $ | 290.45 | $ | 785.90 | -$ | 4,266.28 |
| | | | | | | | 555.80 |
| | | | | | | | 0.00 |
| $ | 51.93 | $ | 290.45 | $ | 785.90 | -$ | 3,710.48 |
| | | | 6,787.50 | | | | 6,905.35 |
| $ | 0.00 | $ | 6,787.50 | $ | 0.00 | $ | 6,905.35 |
| $ | 51.93 | $ | 7,077.95 | $ | 785.90 | $ | 3,194.87 |
| | | $ | 14,988,990.00 | | | $ | 14,988,990.00 |
| | | $ | 14,988,990.00 | | | | |
| $ | 51.93 | $ | 14,996,067.95 | $ | 785.90 | $ | 14,992,184.87 |
| | | | 153.45 | | 1,060.72 | | 436,841.92 |
| $ | 0.00 | $ | 153.45 | $ | 1,060.72 | $ | 436,841.92 |
| | | | | | | | 125.00 |
| | | | | | | | 4,887.07 |
| | | | | | | | 0.00 |
| | | | | | | | 0.00 |
| $ | 0.00 | $ | 0.00 | $ | 0.00 | $ | 4,887.07 |
| | | | | | | | 2,494.41 |
| | | | | | | | 554.41 |
| | | | | | | | 1,889.74 |
| | | | | | | | 1,617.85 |

3

| | | | | |
|---|---|---|---|---|
| $ 0.00 | $ 0.00 | 0.00 | $ 6,556.41 | |
| | | -2,511.00 | -19.81 | |
| 9,362.70 | 9,155.72 | 2,408.25 | -22,891.82 | |
| | | | -662.84 | |
| -8,699.86 | -11,646.91 | 6,951.61 | 30,423.33 | |
| | 2,511.00 | | -6,848.86 | |
| $ 662.84 | $ 19.81 | $ 6,848.86 | $ 0.00 | |
| | -$ 100.00 | | -$ 100.00 | |
| 0.00 | 0.00 | 0.00 | 53,649.99 | |
| $ 662.84 | -$ 80.19 | $ 6,848.86 | $ 65,118.47 | |
| $ 662.84 | $ 73.26 | $ 7,909.58 | $ 501,960.39 | |
| | 562,002.36 | | 562,002.36 | |
| 5,826.60 | 13,907.19 | | 184,173.51 | |
| $ 5,826.60 | $ 575,909.55 | $ 0.00 | $ 746,175.87 | |
| $ 5,826.60 | $ 575,909.55 | $ 0.00 | $ 746,175.87 | |
| $ 6,489.44 | $ 575,982.81 | $ 7,909.58 | $ 1,248,136.26 | |
| | 14,397,727.82 | | 14,397,727.82 | |
| | | | -27,500.02 | |
| -6,437.51 | 22,357.32 | -7,123.68 | -626,179.19 | |
| -$ 6,437.51 | $ 14,420,085.14 | -$ 7,123.68 | $ 13,744,048.61 | |
| $ 51.93 | $ 14,996,067.95 | $ 785.90 | $ 14,992,184.87 | |
| $ - | $ - | $ - | $ - | Check Figure |

4

# EXHIBIT B

 Gmail

Cynthia <cynthiadblanchard@gmail.com>

## Personal Safety and Proposed Resolution Regarding Claim No. 2-2 filed in Copper Tree, Inc., and Claim No. 1-2 filed in Green Copper Holdings, LLC,

**Cynthia** <cynthiadblanchard@gmail.com>
To: Pat Malloy <pjmiiim@sbcglobal.net>
Cc: Mark Sanders <msanders@gablelaw.com>
Bcc: Cynthia French blanchard <cdfblanchard@gmail.com>

Thu, Aug 7, 2025 at 3:50 PM

Pat,

I'm writing in advance of the upcoming public conference call to address a serious ongoing safety concern and to propose a potential resolution regarding my claim.

As you know, I have been the target of sustained stalking and harassment by Michael Eric Nelson for over six years. His behavior has been threatening, predatory, and persistent — including direct interference with this bankruptcy process and the auction itself. His arrest and subsequent felony computer crimes trial in Washington County in February 2023 led to a dangerous pattern of retaliation and escalation, which you have personally witnessed. His current whereabouts is unknown, and I believe he is a serious, unpredictable and ongoing threat. To my knowledge, this matter remains under the jurisdiction of the U.S. Attorney's Office, although I have not received any recent updates regarding its status.

Due to this ongoing risk, I cannot appear in any public setting — including virtual hearings — as doing so could compromise my personal safety. If necessary, I will submit a written statement to the docket, but I will not participate in any public or semi-public proceeding. Any forum that Michael Eric Nelson can access, he will exploit — using it to further harass me, disrupt the court process, and target those associated with these proceedings.



Thank you very much for your time and consideration of this matter.

Best,

Cynthia

# EXHIBIT C



# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

IN RE:

GREEN COPPER HOLDINGS, LLC,

    Debtor,

COPPER TREE, INC.,

    Debtor,

THE INN AT PRICE TOWER INC.,

    Debtor.

Case No. 25-10088-T
Chapter 7

Substantively consolidated with
Case No. 25-10084-T

## ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT

THIS MATTER comes before the Court pursuant to the Motion to Alter or Amend Judgment Pursuant to Fed. R. Bankr. P. 9023 (the "Motion"),[1] filed by Cynthia Diane Blanchard ("Blanchard"); the Trustee's Objection (the "Objection"),[2] filed by Patrick J. Malloy ("Trustee"), the chapter 7 trustee appointed to administer this case; and the Reply,[3] filed by Blanchard. On February 27, 2026, after a hearing on the merits, the Court issued an Order Sustaining Objection and Disallowing Claims (the "Order"),[4] which disallowed a claim by Blanchard against the estate, and a Memorandum Opinion (the "Opinion"),[5] where the Court announced its reasoning for entry of the Order. In the Motion, Blanchard asks the Court to consider additional evidence and to alter or amend the Order to allow her claim. For the reasons stated herein, the Motion is denied.

---

[1] ECF No. 440.
[2] ECF No. 444.
[3] ECF No. 445.
[4] ECF No. 433.
[5] ECF No. 432. A Corrected Memorandum Opinion was subsequently filed at ECF No. 448. All further references to the "Opinion" will be to the Corrected Memorandum Opinion.

## Jurisdiction

The Court has jurisdiction over this bankruptcy case pursuant to 28 U.S.C. § 1334(b).[6] Venue is proper pursuant to 28 U.S.C. § 1409. Reference to the Court of the bankruptcy case is proper pursuant to 28 U.S.C. § 157(a). Matters concerning allowance or disallowance of claims against the estate are core proceedings under 28 U.S.C. § 157(b)(2)(B).

## Background

Green Copper Holdings, LLC and Copper Tree, Inc. each filed voluntary petitions for relief under chapter 7 of the United States Bankruptcy Code on January 22, 2025.[7] The cases were later substantively consolidated under Case No. 25-10088, along with an entity named The Inn at Price Tower Inc., a wholly owned subsidiary of Copper Tree (collectively referred to as the "Debtors").

Blanchard filed a claim in this case seeking $285,107.88 from the estate as an unsecured, non-priority claim (the "Blanchard Claim").[8] On November 7, 2025, Blanchard filed a Notice of Intent to Rest on the Docket for Claim 1-2 (the "Notice of Intent"),[9] in which she informed the Court of her "intent to rest on the docket as to all filings, pleadings, and motions relating to her Proof of Claim 1-2 and any associated matters in the above-captioned case."[10] She did not indicate a reason for her decision to rest on the written docket. On December 3, 2025, the Court held a telephonic status hearing (the "Status Hearing") regarding several matters before the Court, including an objection filed by Trustee to the Blanchard Claim and the Notice of Intent.[11]

---

[6] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq.

[7] Case No. 25-10088-T and 25-10084-T, respectively. These background facts are taken from the Opinion. *See* ECF No. 448.

[8] *See* 25-10088 Claim No. 1-2.

[9] ECF No. 357.

[10] *Id.* at 1.

[11] ECF No. 367.

2

Blanchard did not make an appearance at the Status Hearing. One of the issues discussed at the Status Hearing was the setting of a hearing regarding allowance of the Blanchard Claim and the Trustee's objection thereto. That hearing was set for January 12, 2026 (the "Claim Hearing"). On the morning of the Claim Hearing, Blanchard filed a Notice of Non-Appearance and Continuing Objection (the "Notice of Non-Appearance").[12] In the Notice of Non-Appearance, Blanchard stated that "she will not appear at the hearing scheduled for January 12, 2026, due to safety concerns."[13] She did not elaborate on the nature of her concerns. Nor did Blanchard ask the Court to postpone or reschedule the hearing, or for any other accommodation. The Claim Hearing went forward as scheduled. Trustee presented evidence in support of his objection to the Blanchard Claim, and the Court took the matter under advisement. On February 27, 2026, the Court issued the Order and corresponding Opinion setting out its reasoning.[14]

To summarize, the Court sustained the Trustee's objection to the Blanchard Claim because Blanchard failed to meet her burden of persuasion under § 502(b)(1) to show she held an enforceable claim against the Debtors in a certain amount.[15] The Court found that the evidence submitted by Blanchard with her proof of claim, while sufficient to establish prima facie evidence of her claim, was not enough to overcome the evidence proffered by Trustee on the issue of whether Blanchard held an enforceable contract against the Debtors or the amount of her claim. Therefore, the Court ruled in favor of Trustee.

In the Motion, Blanchard now seeks to proffer additional evidence for the Court's consideration of her claim. She specifically states "she does not seek to relitigate issues previously

---

[12] ECF No. 404.
[13] *Id.* at 1.
[14] ECF Nos. 432, 433, & 448.
[15] ECF No. 448, at 13.

3

argued," but merely wishes to "provide[] supplemental documentary evidence that directly addresses the Court's stated concerns regarding evidentiary foundation and reconciliation of the claimed loan balance."[16] She provides no reason or justification for her delay in the submission of the additional evidence.

Upon receipt of the Objection, Blanchard filed a Reply, in which she attempts to "clarify" her reasons for failing to appear at the Claim Hearing.[17] She notes that "[p]rior to the hearing, Claimant filed notice of her intent to rest on the written record due to serious safety concerns."[18] The Court notes the word "serious" was not included in the Notice of Non-Appearance.[19] The Reply then outlines Blanchard's safety concerns in more detail. Blanchard states that she raised these concerns with Debtors' chapter 7 counsel, the United States Trustee, the case Trustee, and an attorney with the United States Attorney's Office. Beyond filing the Notice of Non-Appearance, Blanchard does not indicate that she ever raised these issues or made any actionable request for accommodation with this Court.

Regarding the submission of additional evidence attached to the Motion, Blanchard reiterates in her Reply that she is not attempting to present "new evidence," but she is "respon[ding] to the Court's Memorandum Opinion identifying deficiencies in the evidentiary record and provid[ing] documentation necessary for the Court to evaluate the claim on a complete record."[20]

---

[16] ECF No. 440, at 1.
[17] ECF No. 445.
[18] Id. at 1.
[19] ECF No. 404.
[20] ECF No. 445, at 2.

4

## Discussion

The Motion purports to seek relief under Federal Rule of Bankruptcy Procedure 9023. That Rule states

> (a) **Application of Civil Rule 59.** Except as this rule and Rule 3008 provide otherwise, Fed. R. Civ. P. 59 applies in a bankruptcy case.
> (b) **By Motion.** A motion for a new trial or to alter or amend a judgment must be filed within 14 days after the judgment is entered.[21]

Rule 3008 states

> A party in interest may move to reconsider an order allowing or disallowing a claim. After notice and a hearing, the court must issue an appropriate order.[22]

The Advisory Committee Notes to Rule 3008 make it clear that reconsideration of a claim that has been previously disallowed after objection is discretionary with the court.[23] The court may decline to reconsider an order of disallowance without notice to any adverse party and without affording any hearing to the movant.[24] The purpose of Rule 3008 is to implement § 502(j) of the Bankruptcy Code, which, in relevant part, states

> A claim that has been allowed or disallowed may be reconsidered *for cause*. A reconsidered claim may be allowed or disallowed according to the equities of the case.[25]

The party seeking reconsideration bears the burden of proving it is entitled to the relief sought.[26]

Bankruptcy courts have interpreted reconsideration under § 502(j) to be a two-step process.[27] First,

---

[21] Rule 9023(a, b). Unless otherwise noted, all references to a "Rule" are to the Federal Rules of Bankruptcy Procedure.

[22] Rule 3008.

[23] Rule 3008 (1986 Advisory Committee Notes).

[24] *Id.*; *In re Egbune*, No. CO-16-006, 2016 WL 6996129, at *6 (10th Cir. BAP Nov. 30, 2016); *Orix Cap. Mkts., LLC v. Mondona Rafizadeh (In re Cyrus II P'ship)*, 358 B.R. 311, 316 (Bankr. S.D. Tex. 2007) (quoting *In re Colley*, 814 F.2d 1008, 1010 (5th Cir.1987)).

[25] § 502(j) (emphasis added).

[26] *In re Masterson*, 556 B.R. 391, 393 (Bankr. N.D. Ind. 2016).

[27] *In re Egbune*, 2016 WL 6996129, at *6; *In re Oliver*, No. 16-10808, 2018 WL 4440723, at *2 (Bankr. W.D. Okla. Sept. 14, 2018).

5

the bankruptcy court must decide whether "cause" has been shown.[28] Only if the court finds cause will it move to the next step, which is to determine whether the "equities of the case" dictate allowance or disallowance.[29] Absent a showing of cause, there is no basis to reconsider anything.[30]

Courts have interpreted Rule 9023(a) to incorporate the standards of Federal Rule of Civil Procedure 59(e) to motions under Rule 3008 when the motion is filed within the time to bring an appeal.[31] The Bankruptcy Court for the District of Kansas recently stated the standard of law for a motion to alter or amend pursuant to Rule 59(e) as follows:

> There is a strong public interest in protecting the finality of courts' decisions. *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019). A Rule 59(e) motion is "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* The Supreme Court has also said that a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5, 128 S.Ct. 2605, 171 L.Ed.2d 570 (2008) (internal quotation marks omitted). "A Rule 59(e) motion to alter or amend the judgment should be granted only to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). A "party cannot invoke Rule 59(e) to raise arguments or present evidence that should have been set forth in the first instance or to rehash arguments previously considered and rejected by the court." *Pound v. Airosol Co., Inc.*, 368 F. Supp. 2d 1158 (D. Kan. 2004) (internal quotation marks omitted). In addition, a party cannot "dress up an argument that previously failed." *Cline v. S. Star Cent. Gas Pipeline, Inc.*, 370 F. Supp. 2d 1130, 1133 (D. Kan. 2005) (internal quotation marks omitted).[32]

The Court of Appeals for the Tenth Circuit has likewise found that a motion for reconsideration under Rule 59(e) "is appropriate where the court has misapprehended the facts, a party's position,

---

[28] *In re Egbune*, 2016 WL 6996129, at *6.

[29] *In re Masterson*, 556 B.R. at 393–94; *In re Morningstar*, 433 B.R. 714, 719 (Bankr. N.D. Ind. 2010).

[30] *In re Morningstar*, 433 B.R. at 717 ("Absent cause, a motion for reconsideration under § 502(j) should not be granted.").

[31] *In re Lane*, 374 B.R. 830, 839 n. 41 (Bankr. D. Kan. 2007); *In re John Q. Hammons Fall 2006, LLC*, 614 B.R. 371, 375-76 (Bankr. D. Kan. 2020).

[32] *In re John Q. Hammons*, 614 B.R. at 377 (footnotes incorporated as inline citations).

or the controlling law."[33] It is not appropriate—and an abuse of discretion—for a court "to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[34] The Motion was filed three days after the Order and Opinion were filed, and thus will be considered under this standard.[35]

Prior to the Claim Hearing, Blanchard had every opportunity to participate in the claim litigation process. She never requested assistance or accommodation from this Court or raised any concerns related to scheduling, availability, safety, or otherwise. Proceeding pro se, Blanchard made the unilateral decision, which, as the Court noted in the Opinion, *was her right*, to "rest on the docket" and refrain from appearing at further court proceedings. The Notice of Non-Appearance, filed by Blanchard on the morning of the Claim Hearing, did not contain any request for relief or accommodation from the Court. In the absence of a request for relief by Blanchard, the Court proceeded to hold the duly noticed hearing, take the matter under advisement, and reach a decision on the merits before it.

In the Opinion, the Court described its reasoning for the ruling disallowing Blanchard's claim. It found Blanchard had not presented sufficient evidence to meet her burden of persuasion and overcome the Trustee's burden of production. The Order is an appealable judgment on the merits. While pointing to no legal error, the Motion offers newly submitted evidence, which Blanchard describes as "responsive" to "deficiencies in the evidentiary record" identified by the Court in the Opinion. To the extent the Opinion identified such deficiencies, the Court was merely

---

[33] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019).

[34] *Nelson*, 921 F.3d at 929; *Servants of Paraclete*, 204 F.3d at 1012.

[35] Motions for relief from a final judgment filed after the time for appeals has expired are considered under Rule 60(b). *See, e.g., In re John Q. Hammons*, 614 B.R. at 376 n.17.

7

making observations to explain its ultimate ruling, not inviting Blanchard to fill in the gaps with additional evidence.

Other than using the Motion as a vehicle to submit additional evidence to the Court, Blanchard has not pled any cause under § 502(j) why the Court should reopen the evidence and reconsider the disallowance of her claim. This is not a situation where the Court has "misapprehended the facts" before it. The Court made a reasoned judgment on the record before it. Nor has Blanchard shown (or even alleged) that the evidence attached to the Motion was unavailable prior to the Claim Hearing, or that she was not given a fair opportunity to participate in the Claim Hearing. While Blanchard states that she is not seeking to relitigate the issues decided in the Order and Opinion, it is clear that she is asking the Court to consider her newly submitted evidence and reverse its decision to disallow her claim. "To litigate a case or matter again or anew" is the literal definition of relitigation.[36] While a court has some discretion whether to grant a motion to reconsider a judgment, that discretion is not unlimited.[37] Given the importance of the finality of judgments in federal court, the Court finds that granting the Motion in these circumstances would be an abuse of its discretion. If Blanchard believes this Court "got it wrong" based on the evidence before it, her remedy lies in an appeal.

Accordingly,

IT IS THEREFORE ORDERED that the Motion to Alter or Amend Judgment Pursuant to Fed. R. Bankr. P. 9023, at ECF No. 440, filed by Cynthia Diane Blanchard, is hereby DENIED.

Dated this 10th day of March, 2026.

BY THE COURT:

PAUL R. THOMAS, CHIEF JUDGE
UNITED STATES BANKRUPTCY

---

[36] "Relitigate" Merriam-Webster.com Legal Dictionary, Merriam-Webster, https://www.merriam-webster.com/legal/relitigate. Accessed 5 Mar. 2026.

[37] *Nelson*, 921 F.3d at 929 ("Given the strength of this interest in finality, we have restricted district courts' discretion when ruling on motions based on Rule 59(e).").

8

# EXHIBIT D

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

In re:
GREEN COPPER HOLDINGS, LLC, et al.,
Debtors.

Case No. 25-10088-T
Chapter 7

## CLAIMANT'S REPLY TO TRUSTEE'S OBJECTION TO MOTION TO ALTER OR AMEND JUDGMENT

Claimant Cynthia Diane Blanchard, appearing pro se, respectfully submits this limited Reply to the Trustee's Objection to her Motion to Alter or Amend Judgment pursuant to Federal Rule of Bankruptcy Procedure 9023.

This Reply addresses three points raised in the Trustee's Objection: (1) the circumstances surrounding Claimant's decision to rest on the written record at the January 12, 2026 hearing, (2) the Trustee's characterization of the documentary exhibits attached to the Motion, and (3) the applicability of Rule 59(e).

## I. Clarification Regarding Claimant's Non-Appearance

The Trustee states that Claimant's reasons for not appearing at the hearing are "known only to Blanchard." The record reflects otherwise. Prior to the hearing, Claimant filed notice of her intent to rest on the written record due to serious safety concerns. These concerns arose from ongoing safety issues involving an individual who has repeatedly engaged in stalking behavior and who has inserted himself into these proceedings, including as recently as the last week. The individual's whereabouts are unknown, and his aggressive participation in this case created a legitimate concern that he could appear in person at a publicly scheduled hearing.

Claimant raised these safety concerns during the proceedings with Ron Brown, an attorney who had previously represented the debtor companies during the early stages of the case. Mr. Brown advised that he had communicated those concerns to the United States Trustee. Thereafter, estate trustee Malloy provided Claimant with the name of an attorney at the United States Attorney's Office whom he believed to be familiar with the matter. Claimant subsequently contacted that office and spoke directly with that attorney regarding the situation. Claimant's decision to rely on the written record was therefore a precautionary measure and not a tactical waiver of the right to present a complete evidentiary record.

## II. The Documentary Exhibits Are Not Asserted as Newly Discovered Evidence

The Trustee argues that the documents attached to the Motion do not constitute "new evidence" and could have been presented earlier. Claimant does not contend that these materials are newly discovered evidence. Rather, the Motion supplies documentary foundation responsive to the Court's Memorandum Opinion identifying deficiencies in the evidentiary record and provides documentation necessary for the Court to evaluate the claim on a complete record. The attached financial statements and banking records corroborate the loan balance previously asserted in Claimant's Proof of Claim and further complete the evidentiary record.

## III. The Motion Does Not Seek to Relitigate the Merits Under Rule 59(e)

The Trustee further asserts that Rule 59(e) may not be used to relitigate issues or obtain a "second bite at the apple." Claimant does not seek to relitigate the merits of the claim or advance new legal theories. Instead, the Motion addresses the evidentiary foundation identified by the Court in its Memorandum Opinion and provides documentary support verifying the previously

asserted loan balance. The purpose of the Motion is therefore corrective and directed toward ensuring that the Court's ruling rests upon a complete documentary record.

The documents attached to the Motion are authenticated through Claimant's sworn declaration executed under penalty of perjury.

## CONCLUSION

For the foregoing reasons, Claimant respectfully requests that the Court consider the supplemented documentary record and grant the Motion to Alter or Amend Judgment.

Dated: March 4, 2026

Respectfully submitted,

Cynthia Diane Blanchard, Pro Se
414 SE Washington Blvd., Ste. 205
Bartlesville, OK 74006
Phone: 310-435-5707

CERTIFICATE OF SERVICE

I, Cynthia Diane Blanchard, certify that on March 4, 2026, I filed the foregoing Claimant's Reply to Trustee's Objection to Motion to Alter or Amend Judgment with the Clerk of the United States Bankruptcy Court for the Northern District of Oklahoma. Notice of this filing was provided to all registered participants through the Court's CM/ECF system.

Cynthia Diane Blanchard
414 SE Washington Blvd., Ste. 205
Bartlesville, OK 74006
Telephone: 310-435-5707

# EXHIBIT E

ORIGINAL

Return To Court Clerk

# EMERGENCY ORDER OF PROTECTION

District Court of Washington County
State of Oklahoma

Case No. PO-2021-156

Court Phone Number ( __ )

| Petitioner | Additional Petitioner Information |
|---|---|

**Petitioner**

Cynthia _____ Blanchard
First   Middle   Last

and/or on behalf of minor family member(s)

**Additional Petitioner Information**

Name(s) and age(s) of minor family member(s)

-VS-

**Defendant**

Michael   Eric   Nelson
First   Middle   Last

Relationship to Petitioner: former employee

Defendant's Address (Street address, City, State, Zip Code) _____ Blvd.

### Defendant Identifiers

| SEX | RACE | DOB | HT | WT |
|---|---|---|---|---|
| M | W | | | |

| EYES | HAIR | DISTINGUISHING FEATURES |
|---|---|---|
| | | |

| DRIVERS LICENSE # | STATE | EXPIRES |
|---|---|---|
| | | |

Other

**(Clerk's File Stamp Below)**

## A. CAUTION:
☐ Weapon Involved – Type: _____
☒ Weapon Present on Property
☐ Unknown if Weapon Present

## B. THE COURT FINDS:
1) That it has jurisdiction over the parties and subject matter.
2) That the Defendant has been or will be provided with reasonable notice and opportunity to be heard.
3) That an Emergency Ex Parte Order is necessary to protect the Petitioner(s) pursuant to the Protection from Domestic Abuse Act (22 O.S. §60.1, et seq.).
4) Additional findings and terms of this Order follow on succeeding pages.

☒ Hearing Ordered: The Court Orders the Defendant and Petitioner to appear in the District Court of the above named County on the 7th day of September , 2021, at 2 AM/PM before Judge Vaclaw , in Courtroom 3 .

*Emergency Ex Parte Order of Protection - AOC Form – Revised November 1, 2019*

IF DEFENDANT FAILS TO APPEAR AT THE HEARING, THIS ORDER MAY BECOME A FINAL PROTECTIVE ORDER WITHOUT FURTHER NOTICE, AND OTHER RELIEF MAY BE GRANTED.

Validity: This Order shall have statewide and nationwide validity unless specifically modified or terminated by a judge of the district courts (22 O.S. §60.7). This Order shall be enforced, even without registration or filing, by the courts of any state, the District of Columbia, any U.S. Territory, or Indian Tribe (18 U.S.C. §2265). Crossing state, territorial or tribal boundaries to violate this Order may result in federal imprisonment (18 U.S.C. §2262). Duration: This Emergency Order shall remain in effect until after the full hearing is conducted.

## C. THE COURT FURTHER ORDERS THE FOLLOWING RELIEF (as specifically marked in check boxes below):

☒ 1) Defendant is prohibited from attempting or having **ANY CONTACT** whatsoever with the Petitioner, hereinafter "protected person," either in person, through others or by telephone, mail, electronic means, or any other manner, at any time or place unless specifically authorized by the Court.

☒ 2) Defendant is prohibited from injuring, abusing, sexually assaulting, molesting, harassing, stalking, threatening, or otherwise interfering with the protected person(s), and from use, attempted use or threatened use of physical force against the protected person(s) that would reasonably be expected to cause bodily injury.

☒ 3) Defendant is prohibited from engaging in other conduct that would place the protected person(s) in reasonable fear of bodily injury to the protected person(s) or the protected person(s) household members or relatives.

☐ 4) Defendant is ordered to leave and remain away from the residence located at: _____, _____, Oklahoma, on or before the ____ day of _____, 20__ at _____ a.m./p.m., and take no action to change utilities or telephone service.

☐ 5.a) If this Order is served upon Defendant at the residence to be vacated, Law Enforcement Officers shall remain at the residence until **Defendant** removes necessary clothing and personal effects and leaves the premises.

☐ 5.b) If this Order is served upon Defendant at a location other than the residence to be vacated, Law Enforcement Officers shall accompany the **Defendant** to the residence and remain in attendance until **Defendant** removes necessary clothing and personal effects and leaves the premises. Defendant is ordered NOT to go to the residence to remove necessary clothing and personal effects unless Law Enforcement Officers are present as stated in this paragraph.

☐6) Law Enforcement Officers shall accompany the **Petitioner** (i.e. provide a "civil standby") to the current or recent past residence to remove necessary clothing and personal effects, and remain in attendance until Petitioner leaves the premises. Such residence is located at the following address:

_____

☐7) Defendant who is a **minor**, is ordered to leave the residence located at

_____

_____

(address, city, state) and shall be immediately placed in custody of

_____

pursuant to 10A O.S. §2-2-101(A)), and a preliminary inquiry in a juvenile proceeding is hereby ordered to determine whether further court action pursuant to the Oklahoma Juvenile Code should be taken against the juvenile defendant. *Note: Pursuant to 22 O.S. §60.4(B)(1), the Court shall order a full hearing on this protective order within 72 hours.*
Circle Age of Minor Defendant: 13    14    15    16    17

☐8) There is an existing visitation order, and in order to protect from threats of abuse or physical violence by the Defendant or a threat to violate a custody order, the Court suspends or modifies child visitation as follows:

a.☐All visitation is suspended until another Court assumes jurisdiction and modifies. *Note: Pursuant to 22 O.S. §60.4(B)(2), the Court may order a full hearing on this protective order within 72 hours.*

b.☐All visitation must be supervised, and in the presence of the following supervisor:_____.

c.☐Pickup/Delivery of child(ren) for visitation shall be by/at:_____

d.☐Other:_____

☐9) Exclusive care and custody of certain animal(s) is awarded to the Petitioner. Defendant is ordered to have no contact with said animal(s) and is forbidden from taking, harming or disposing of said animal(s). (Identify animal(s)): _____

_____

☐10) Defendant shall immediately surrender all firearms and other dangerous weapons within the Defendant's possession or control and any concealed carry license to

_____

☐11) IT IS FURTHER ORDERED:

_____

_____

_____

*Emergency Ex Parte Order of Protection - AOC Form – Revised November 1, 2019*

Page
3 of 4

**D.**   **WARNINGS TO DEFENDANT AND PROTECTED PERSON(S):**

1. The filing or non-filing of criminal charges and the prosecution of the case shall not be determined by a person who is protected by the protective order, but shall be determined by the prosecutor.

2. No person, including a person who is protected by the order, may give permission to anyone to ignore or violate any provision of the order. During the time in which the order is valid, every provision of the order shall be in full force and effect unless a court changes the order.

3. A Final Protective Order, granted after notice and hearing, will be in effect for five (5) years unless extended, modified, vacated or rescinded by the court

4. A violation of the order is punishable by a fine of up to One Thousand Dollars ($1,000.00) or imprisonment for up to one (1) year in the county jail, or by both such fine and imprisonment. A violation of the order which causes injury is punishable by imprisonment for twenty (20) days to one (1) year in the county jail or a fine of up to Five Thousand Dollars ($5,000.00), or by both such fine and imprisonment. Additional offenses and penalties are provided in federal and state law, including 22 O.S. §60.6.

5. Possession of a firearm or ammunition by a defendant while an order is in effect may subject the defendant to prosecution for a violation of federal law even if the order does not specifically prohibit the defendant from possession of a firearm or ammunition.

6. Any person who knowingly and willfully presents any false or materially altered protective order to any law enforcement officer to effect an arrest of any person shall, upon conviction, be guilty of a felony punishable by imprisonment in the custody of the Department of Corrections for a period not to exceed two (2) years, or by a fine not exceeding $5,000.00, and shall in addition be liable for any civil damages to the Defendant (22 O.S. §60.9(E)).

7. This Order complies with the Violence Against Women Act's full faith and credit provision (18 U.S.C. §2265) and this Order is enforceable throughout Oklahoma and in all 50 states, U.S. territories, Tribal Land and the District of Columbia.

Dated this _26th_ day of _August_, 20 _21_.

_____
JUDGE OF THE DISTRICT COURT

## NCIC Protection Order Entry Information Form

Please provide the following information

### It IS IMPORTANT THE INFORMATION THAT YOU PROVIDE IS ACCURATE AND COMPLETE!

### PLAINTIFF INFORMATION
(Person seeking protective order)

Name: Cynthia Blanchard     Sex: ▓▓▓     DOB: ▓▓▓▓

Home Phone # ▓▓▓▓     Work Phone # Same     SS# ▓▓▓▓

Address ▓▓▓▓     City: ▓▓▓▓     State: ▓▓▓     Zip: ▓▓▓

### DEFENDANT INFORMATION
(Person protection order is against)

Name: Michael Eric Nelson     Birthdate: ▓▓▓▓     Phone # ▓▓▓▓

SS# ▓▓▓▓     Race ▓▓▓     Sex: ▓▓▓     Eyes: ▓▓▓     Hair: ▓▓▓

Height ▓▓▓     Weight ▓▓▓     Driver's License # ▓▓▓▓

Address ▓▓▓▓     State ▓▓▓     Zip ▓▓▓

Directions: _____

(If Rural please provide Road Numbers and Directions)

Employment: None that we know of     Hours worked: _____

## DEFENDANT VEHICLE INFORMATION

Vehicle year: _____     Vehicle Color: _____     Vehicle make: _____

Vehicle model: _____     Vehicle tag #: _____     State registered: _____

LIST ANY SCARS, MARKS OR TATTOOS: _____

LIST ANY WEAPONS DEFENDANT IS KNOWN TO CARRY: Rifles, pistols, & possibly semi-automatic weapons

THE ABOVE INFORMATION MUST BE ACCURATE. ANY INFORMATION THAT IS NOT ACCURATE OR THAT IS INCOMPLETE MAY DELAY ENTRY INTO NCIC OR POSSIBLY ISSUANCE OF THE PROTECTIVE ORDER WHILE THE CORRECT INFORMATION IS OBTAINED.

Please attach the original form with the Ex Parte, or Protection Order that will be filled with the Sheriff's Office. The above information will be used for entry into the NCIC Protection Order File.

# EXHIBIT F



**Bartlesville Police Department**

Summary

PO-21-156

DISTRICT COURT WASHINGTON CO OK
JILL L. SPITZER COURT CLERK

F I L E D

SEP 7 2021

BY _____ DEPUTY

Bartlesville Police Department
ORI Number: OK0740100

Print Date/Time: 08/26/2021 15:23
Login ID: cob\jntucker
Case Number: 2021-00023159

## Case

| | | | |
|---|---|---|---|
| Case Number: | 2021-00023159 | Incident Type: | Threats |
| Location: | 501 SE FRANK PHILLIPS BLVD | Occurred From: | 08/19/2021 13:05 |
| | BARTLESVILLE 74003 | Occurred Thru: | 08/19/2021 13:05 |
| Reporting Officer ID: | 8030 - Tucker | Disposition: | Prosecutor's Office |
| | | Disposition Date: | 08/24/2021 |
| | | Reported Date: | 08/19/2021 15:36 Thursday |

## Offenses

| No. | Group/ORI | Crime Code | Statute | Description | Counts |
|---|---|---|---|---|---|
| 1 | State | 13C | 21-1173 | STALKING (INTIMIDATION) | 1 |

## Subjects

| Type | No. Name | Address | Phone | Race | Sex | DOB/Age |
|---|---|---|---|---|---|---|
| Suspect | 2 NELSON, MICHAEL ERIC | UNKNOWN | | White | Male | |
| Victim | 1 BLANCHARD, CYNTHIA | 414 SE WASHINGTON BLVD Bartlesville 74003 | (310)435-5707 | White | Female | |

## Arrests

| Arrest No. | Name | Address | Date/Time | Type | Age |
|---|---|---|---|---|---|
| | | | | | |

## Property

| Date | Code | Type | Make | Model | Description | Tag No. Item No. |
|---|---|---|---|---|---|---|
| | | | | | | |

## Vehicles

| No. Role | Vehicle Type | Year Make | Model | Color | License Plate State |
|---|---|---|---|---|---|
| | | | | | |

Routing:

Page: 1 of 1

08/26/2021    15:25

## BARTLESVILLE POLICE DEPARTMENT
### Incident Report

Incident  B219001521-1    ORI  OK0740100

| | | | |
|---|---|---|---|
| Occur Date/Time: | 03/29/2019 14:14 | To:  03/29/2019 14:14 | Agency#:  BPD |
| Report Date/Time: | 03/29/2019 14:14 | | File#:  B219005265 |
| Time Arrived: | 14:16 | Time Cleared  00:00 | Description: THREATS-INTIMIDATION BY P |

| | | |
|---|---|---|
| Complainant: | BLANCHARD,CYNTHIA | DOB:  00/00/0000          Race: |
| | | Phone(H):  918-  -          Sex: |
| | | Phone(W):                  Ethnic: |
| | BARTLESVILLE,OK | Phone(C):                  Height:  ' 0" |
| Occurred At: | 615 S JOHNSTONE AV | Phone(O):                  Weight: |
| | POLICE DEPARTMENT | Resident:                  Hair: |
| | BARTLESVILLE,OK 74003 | Age:          0          Eyes: |
| Location: | 105       – DISTRICT 105 DOWNTOWN | DOC: |

| | |
|---|---|
| Employer: | Occupation: |
| | Phone: |
| | Date From:  00/00/0000 |
| | Date To:  00/00/0000 |

| | | | |
|---|---|---|---|
| Status: | Inactive | Exceptionally Cleared: | Investigator Assigned: 00/00/0000 |
| Investigator: | - | | |
| Reporting Officer: | 0165  - ALI,TROYLEE | | |
| | | | Supervisor Approved: 03/29/2019 |
| Supervisor: | 5122  - MAINS,DANIEL | | |
| Entered By: | 0165  - ALI,TROYLEE | | Records Approved:  04/01/2019 |
| Records: | 5543  - MELLEN,NATHAN | | |
| Addendum Codes: | / | | |
| Copies To: | | | |
| | | | IBR Date:        03/29/2019 |
| Officer Initiated Report: | N | | Entered Date:    00/00/0000 |
| Arrest Exists: | N | | Entered Time:    00:00 |
| Known Occur Date: | N | | Media Printed Date:  00/00/0000 |
| Media Hold: | | | |
| Incident Activity: | | | |

### Offenses:

| IBR# | Offense Description Using | Activity | Statute CampusCode-Location | Status Aid Abet | Location LocalStatute | Weapons Act Type | Fel/Misd Gambl |
|---|---|---|---|---|---|---|---|
| 1322 | THREATS-INTIMIDATION BY PHONE | | 21 OS 1172 | Completed | Home | NONE | N |

| Bias Crimes | Burglary Crimes |
|---|---|
| Type:  88 NONE | Entry Method:              Neighborhood: |
| Target: | Entry Point:               Safe Entered: |
| Desc: | Exit Point:                # of Units Entered:   0 |
| | Instrument: |

### Person(s) Involved:

| Description | Name | DOB | Address | City/State | Phone |
|---|---|---|---|---|---|
| Victim | | 00/00/0000 | | | |
| Complainant | BLANCHARD,CYNTHIA DIANE | | | | |
| OTHER | | | | XXXXXXXXXX | XXXXXXXXX |
| Suspect | | | XXXXXXXXXX XXXXXXXXXX | | |

1 of 2

08/26/2021     15:25                    BARTLESVILLE POLICE DEPARTMENT
                                              **Incident Report**

                              Incident  B219001521-1   ORI  OK0740100

| Referral: | None | | | | | |
|-----------|------|--|--|--|--|--|
| Children: | | | | | | |
| Evidence Taken: | Photo: | Fingerprint(s): | Other: | | Status Date: | 00/00/0000 |

**Victim of Offense:**

| Victim# | Victim Name | Offense# | Statute | Description |
|---------|-------------|----------|---------|-------------|
| 1 | ANTHEM VAULT INC | 1 | 21 OS 1172 | THREATS-INTIMIDATION BY PHON |

**Vehicle**

No record found

**Property**

| ## | Loss Type | Qnt | Make, Model, Style | Description | Serial # | Value | Recover Date | Recover Value |
|----|-----------|-----|--------------------|-------------|----------|-------|--------------|---------------|
| 1 | Evidenc | 1 | | VERY LARGE STACK OF PAPER | | 0.00 | 00/00/0000 | |

| | | | | |
|--|--|--|--|--|
| Owner | | NCIC | | Reference# |
| Officer | 0165 | Bar Code | B219001521-1 | |
| Locker | 2 | Court | | |
| Size | | Weight | | Gender |

**Notes:**  contains emails and text from suspect, legal paperwork, police reports from other departments. approximately 700 pages

2 of 2

# EXHIBIT G

IN THE DISTRICT COURT OF THE ELEVENTH JUDICIAL DISTRICT OF
THE STATE OF OKLAHOMA SITTING IN AND FOR WASHINGTON COUNTY

| | | |
|---|---|---|
| THE STATE OF OKLAHOMA,<br>        Plaintiff,<br><br>vs.<br><br>MICHAEL ERIC NELSON<br>        Defendant(s). | )<br>)<br>)<br>)<br>)<br>)<br>) | Case No.  CF-2021-304 |

## SUBPOENA

STATE OF OKLAHOMA, COUNTY OF WASHINGTON:

To:     Cynthia Blanchard, 414 SE Washington Blvd. #205, Bartlesville, OK  74006

You are hereby commanded to appear before the District Court of Washington County in the City of Bartlesville.  This case is presently set for **Jury Trial** on the **6th day of February, 2023, at 8:30 AM**, then and there to testify on behalf of the State of Oklahoma as a witness in the above entitled case wherein the State of Oklahoma prosecutes the said MICHAEL ERIC NELSON and you will remain in attendance and on call of said court from day to day and term to term until lawfully discharged.

### *FAILURE TO APPEAR MAY RESULT IN A WARRANT FOR YOUR ARREST*

Witness my hand and seal this ___20th___ day of January, 2023.

Jill Spitzer, Court Clerk

*Jean Davis*
_____
Deputy Court Clerk

### INSTRUCTIONS

- The Washington County Courthouse is located at 420 S. Johnstone, Room 222 Bartlesville, OK  74003.
- Report to the office of the District Attorney 30 minutes prior to the scheduled time.    Do not go into the courtroom.
- Dress Appropriately.  Shorts are not permitted in the Courtroom.
- Upon request, you are entitled to receive a witness fee for your appearance pursuant to this subpoena.

Please check one business day beforehand to see if your attendance is still required at the above printed time and date.  During the week, between the hours of 8:30 - 4:30, you may call the Washington County District Attorney's Office at (918) 337-2860. If your case is rescheduled, a *new* subpoena will be issued notifying you of your new appearance time and date.

Due to the number of cases that are set on this jury docket, this case may not be the first one called by the court. If the case is passed over to the next day, a new subpoena will not be issued and your subpoena will automatically be valid and binding for the next following date of Court. Please call each morning for an update.

### RETURN

Received the within writ on the _____ day of _____, _____ at _____ AM / PM
and executed on the _____day of _____, _____ at _____ AM / PM by serving the following person(s):

_____

_____

_____

BY: ____Mailing in the U.S. mail, postage prepaid thereon          ____Personal service by sheriff
        ____Certified Mailing in the U.S. mail, postage prepaid thereon          ____Personal service by District Attorney's Office
        ____Facsimile and/or Email          ____Other _____

Dated this _____ day of _____ , _____          _____
          I hereby certify the within to be a true copy of the original subpoena

| | | | | |
|---|---|---|---|---|
| Serving first paper | $_____ | | Copies | $_____ |
| Additional person | $_____ | | Mileage | $_____ |
| | | | Total | $_____ |