UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
In re:
GREEN COPPER HOLDINGS, LLC, et al.,
Substantively Consolidated Debtors.
Case No. 25-10088
(Chapter 7)
CYNTHIA BLANCHARD,
Claimant-Appellant,
v.
PATRICK J. MALLOY III, Chapter 7 Trustee,
Appellee.
(Appeal from the United States Bankruptcy Court
for the Northern District of Oklahoma)

Civil Action No. 4:26-cv-00140-CVE

**BRIEF OF CLAIMANT-APPELLANT CYNTHIA BLANCHARD**
**SUMMARY OF ARGUMENT**

This appeal presents a clear due-process violation in the disallowance of Claimant Cynthia Diane

Blanchard's ("Claimant") proof of claim. The Bankruptcy Court conducted a proceeding that

functioned as an evidentiary hearing—receiving live witness testimony and considering

additional materials, including a newly identified witness disclosed by the Trustee on January 9,

2026—without ever clearly designating the January 12, 2026 hearing as evidentiary. The Order

Setting Hearing (Dkt. 381) stated only that "counsel should be prepared to submit whatever

evidence they deem necessary" and that Local Rule 9070-1 applies. It contained no reference to

live testimony or newly introduced materials.

Claimant, proceeding pro se, filed a Motion to Strike the newly transmitted witness list and

additional materials (Dkt. 402). The Court denied that motion but expressly reserved ruling on

admissibility until the hearing itself (Dkt. 403). On December 16, 2025—weeks before the

hearing—Claimant filed a Designation of Record and Notice of Non-Appearance that expressly

1

cited documented safety concerns previously made known to the Trustee (Bankr. Dkt. 391), which affected her ability to appear and participate.

Claimant received the Court's January 9 order at the end of the business day on Friday, January 9, 2026. On the morning of January 12, 2026—after the clerk's office opened at 8:30 a.m. and approximately thirty minutes before the 9:00 a.m. hearing—Claimant delivered via courier a Notice of Non-Appearance and Continuing Objection citing documented safety concerns and lack of notice and meaningful opportunity to prepare or respond to the undisclosed witness and evidence (Dkt. 404).

The Bankruptcy Court proceeded with the hearing, and the initial minute entry reflects that evidence was received and the matter taken under advisement (Dkt. 405). Only thereafter did the Court enter a corrected minute entry overruling Claimant's objection (Dkt. 406).

This sequence demonstrates that Claimant's objection—filed prior to the hearing—was not considered before the evidentiary proceeding occurred.

The Due Process Clause requires notice "reasonably calculated" to inform a party of the nature of the proceeding and a "meaningful opportunity to be heard" at a "meaningful time and in a meaningful manner." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950); Mathews v. Eldridge, 424 U.S. 319, 333 (1976). These protections apply fully to bankruptcy claim objections. See In re Gledhill, 76 F.3d 1070, 1083 (10th Cir. 1996); Fed. R. Bankr. P. 9014(e).

The January 12, 2026 hearing was never clearly designated as evidentiary, yet the Court relied on live testimony and newly transmitted materials. Combined with the extremely compressed

timeline following Claimant's receipt of the Court's order, her filing of a continuing objection at the earliest practicable time a pro se litigant required to file in person could reasonably do so, and her documented safety concerns—known to the Trustee and the Court and detailed in the record (District Court Dkt. 10; Bankr. Dkt. 491)—Claimant was deprived of any meaningful ability to investigate, prepare, examine witnesses, or participate.

The resulting disallowance order, based on a record developed over Claimant's preserved objection (Dkt. 404) and without her participation, cannot stand.

The order should therefore be vacated and the matter remanded.

## STATEMENT OF THE CASE

### A. Background

This appeal arises from the Bankruptcy Court's disallowance of Claimant Cynthia Diane Blanchard's Claim 1-2 in the Chapter 7 case of Green Copper Holdings, LLC (and substantively consolidated debtors). The claim is based on loans advanced to the debtor, as reflected in the company's financial records. The Trustee objected, placing the claim's validity at issue.

### B. The Order Setting Hearing and Pre-Hearing Events

On December 3, 2025, the Bankruptcy Court entered an Order Setting Hearing on the Trustee's objection for January 12, 2026, at 9:00 a.m. (Dkt. 381). The Order stated only that "counsel should be prepared to submit whatever evidence they deem necessary" and that "Bankr. N.D. Okla. Local Rule 9070-1 applies to these proceedings." It contained no designation that the hearing would function as an evidentiary proceeding with live witness testimony.

3

On January 9, 2026, at 11:30 a.m.—less than one full business day before the Monday, January 12, 2026, 9:00 a.m. hearing—the Trustee transmitted a Witness List identifying witnesses not previously disclosed and an additional exhibit not included in any prior exhibit list. Claimant immediately filed a Motion to Strike the newly transmitted witness list and additional materials and objected to expansion of the record (Dkt. 402). On the same day the Court denied the motion to strike but reserved ruling on the admissibility of any evidence introduced by either party until the January 12 hearing (Dkt. 403). Claimant received that order at the end of the business day on Friday, January 9, 2026.

**C. The January 12, 2026 Hearing and Claimant's Notice of Non-Appearance**

On August 7, 2025—months before the hearing—Claimant emailed the Trustee detailing specific, ongoing safety concerns involving Michael Eric Nelson, including sustained stalking and harassment over more than six years, his arrest for stalking-related conduct, a criminal felony trial in Washington County in February 2023, and a protective order entered against him for over a year. A second protective order was issued in the fall of 2023 but was never served because he could not be located. The Trustee acknowledged these concerns in a response the following day and provided contact information for the Assistant U.S. Attorney familiar with the matter.

These concerns were not speculative. They were grounded in documented criminal proceedings and court orders, and included continued erratic and aggressive behavior by this individual, including inserting himself into the bankruptcy proceedings through filings. During his criminal trial, Claimant required a court-assigned bodyguard to escort her to and from her car for protection.

4

Consistent with these concerns, on December 16, 2025—weeks before the hearing—Claimant filed a Designation of Record and Notice of Non-Appearance expressly citing safety concerns previously made known to both the Trustee and the Court (Bankr. Dkt. 391).

The Trustee and the Court were therefore aware, prior to the January 12, 2026 hearing, that Claimant's safety concerns were documented, ongoing, and directly relevant to her ability to appear. The full documentation of these concerns has since been supplemented to the record in this appeal (District Court Dkt. 10; Bankr. Dkt. 491).

The hearing proceeded as scheduled. The Court received witness testimony and considered the additional materials transmitted on January 9. The Court's initial minute entry (Dkt. 405) stated only that the hearing was held, evidence was received, and the matter was taken under advisement. The Court thereafter entered a corrected minute entry (Dkt. 406) that specifically overruled Claimant's Docket 404 objection. The disallowance order issued thereafter.

**D. Subsequent Proceedings**

Claimant timely sought post-judgment relief and appealed. Following the appeal, the Trustee filed a Final Report on March 26, 2026 (Bankr. Dkt. 484), proposing distribution of estate funds. Claimant objected, asserting that such distribution would render meaningful appellate relief impossible. This appeal is now before the District Court.

**ARGUMENT**

**I. The Bankruptcy Court Violated Claimant's Due Process Rights by Failing to Provide Adequate Notice and a Meaningful Opportunity to Be Heard**

The Due Process Clause protects against deprivation of property without adequate notice and a meaningful opportunity to be heard. Mullane, 339 U.S. at 314; Mathews, 424 U.S. at 333. These

requirements apply fully to bankruptcy claim objections, which directly affect creditors' property interests and are handled as contested matters. See In re Gledhill, 76 F.3d at 1083; Fed. R. Bankr. P. 9014(e).

The proceedings below did not satisfy these standards.

**A. Claimant Was Not Provided Adequate Notice of the Nature of the Hearing**

In contested matters, due process requires notice sufficient to inform a party of the nature of the proceeding and the issues to be decided so that a defense can be prepared. Mullane, 339 U.S. at 314. Rule 9014(e) reinforces this requirement by mandating procedures that allow parties, at a reasonable time before the hearing, to determine whether the proceeding will be evidentiary and whether witnesses may testify.

The December 3, 2025 Order Setting Hearing (Dkt. 381) did not clearly designate the January 12 proceeding as evidentiary. It required only that counsel "be prepared to submit whatever evidence they deem necessary" and referenced Local Rule 9070-1, but did not indicate that live witness testimony or newly transmitted materials would be received and relied upon.

In contrast, other hearings in this case were expressly identified as evidentiary, demonstrating that such designation is both feasible and meaningful. The absence of that designation here deprived Claimant of notice that the proceeding would involve live testimony and additional materials forming the basis of the Court's ruling.

The January 12 hearing nonetheless functioned as an evidentiary proceeding: the Court received live testimony from a newly identified witness and considered additional materials transmitted on January 9 at 11:30 a.m., and the disallowance rested on that record. Without advance notice of

6

these features, Claimant could not reasonably prepare to examine witnesses, respond to testimony, or otherwise protect her interests.

**B. Claimant Was Denied a Meaningful Opportunity to Be Heard**

A party must receive an opportunity to be heard "at a meaningful time and in a meaningful manner." Mathews, 424 U.S. at 333. That requirement is not satisfied where compressed timing and external constraints prevent a party from preparing or participating effectively.

Here, the timing of events eliminated any meaningful opportunity to prepare. On January 9, 2026, at 11:30 a.m., the Trustee transmitted a new witness and additional materials—less than one full business day before the Monday, January 12, 2026, 9:00 a.m. hearing. Claimant received the Court's order denying her motion to strike (while reserving admissibility) at the end of the business day that same Friday. As a practical matter, there was no meaningful opportunity over the weekend to investigate the new witness, analyze the additional materials, or prepare a response.

These timing constraints were compounded by Claimant's documented safety concerns, which directly affected her ability to appear. As reflected in the record (Bankr. Dkt. 391; District Court Dkt. 10; Bankr. Dkt. 491), Claimant had identified those concerns and, on the morning of the hearing, delivered via courier a Notice of Non-Appearance and Continuing Objection (Dkt. 404) at the earliest practicable time a pro se litigant required to file in person could reasonably do so. That filing expressly raised both the lack of notice and the safety concerns affecting her ability to participate.

Under these combined circumstances—compressed timing, new evidence, and documented constraints on personal appearance—Claimant's inability to attend and reliance on the written

7

record were reasonable. The Court nevertheless proceeded with an evidentiary hearing in her absence.

The sequence of events confirms that Claimant's objection was not considered before the hearing. The Court's initial minute entry (Dkt. 405) reflects that evidence was received and the matter taken under advisement without reference to Claimant's objection. Only after the hearing concluded did the Court enter a corrected minute entry (Dkt. 406) overruling the Docket 404 objection.

Proceeding with an evidentiary hearing under these conditions—without affording Claimant a meaningful opportunity to prepare or participate—deprived her of due process.

## C. The Due Process Violations Were Prejudicial and Require Relief

Due process violations that affect the outcome are not harmless. *See In re Gledhill*, 76 F.3d at 1083. The disallowance order rested on an evidentiary record developed without Claimant's ability to respond, cross-examine, or participate, and over her preserved due-process objection (Dkt. 404).

The procedural defects were significant: the hearing was never clearly designated as evidentiary (Dkt. 381), new witness testimony and materials were transmitted on January 9 at 11:30 a.m., admissibility was reserved until the hearing itself (Dkt. 403), Claimant received the Court's order at the end of the business day on Friday and had only thirty minutes on Monday morning before the 9:00 a.m. hearing, and she filed her continuing objection at the earliest practicable time a pro se in-person litigant could make.

8

Compounding these defects were Claimant's documented safety concerns, as detailed above and reflected in the record (District Court Dkt. 10; Bankr. Dkt. 491), which were known to the Trustee and the Court and directly affected her ability to appear and participate.

The Bankruptcy Court's Memorandum Opinion (Dkt. 432) states that Claimant did not express safety concerns prior to the hearing, despite her December 16, 2025 filing (Bankr. Dkt. 391) expressly identifying those concerns and her August 7, 2025 communication to the Trustee.

These combined deficiencies directly impaired Claimant's ability to defend her claim, which was supported by the debtor's own records.

Relief is required. The order disallowing the claim should be vacated, or, at minimum, the matter remanded for a new hearing that provides adequate notice of its nature and a meaningful opportunity to be heard.

## CONCLUSION

The Bankruptcy Court disallowed Claimant's claim based on a proceeding that did not meet fundamental due process standards. The Order Setting Hearing (Dkt. 381) did not clearly designate the January 12, 2026 hearing as evidentiary or indicate that live testimony and additional materials would control the outcome.

Claimant received neither clear notice of the hearing's true nature nor a meaningful opportunity to participate. A new witness and additional materials were transmitted on January 9, 2026, at 11:30 a.m.—less than one business day before the hearing—followed by Claimant's receipt of the Court's order at the end of the business day that same Friday. With only limited time available on Monday morning before the 9:00 a.m. hearing, Claimant filed her continuing

9

objection at the earliest practicable time a pro se litigant required to file in person could reasonably do so (Dkt. 404).

These constraints, combined with her documented safety concerns—as reflected in the record and supplemented on appeal (District Court Dkt. 10; Bankr. Dkt. 491), and known to the Trustee and the Court—directly affected her ability to appear and participate. The Bankruptcy Court's Memorandum Opinion (Dkt. 432) states that Claimant did not express safety concerns prior to the hearing, despite her timely filing at Bankr. Dkt. 391 and the August 7, 2025 email to the Trustee. The resulting order cannot stand.

Claimant respectfully requests that this Court vacate the disallowance order and remand the matter for further proceedings consistent with due process requirements.

Date: March 28, 2026

Respectfully submitted,

Cynthia Blanchard, Pro Se
414 SE Washington Blvd., Suite 205
Bartlesville, OK 74006
Telephone: (310) 435-5707
Email: cynthiadblanchard@gmail.com

## CERTIFICATE OF SERVICE

I, Cynthia Blanchard, appearing pro se, hereby certify that on this 28th day of March, 2026, I filed the foregoing Brief of Claimant-Appellant with the Clerk of the United States District Court for the Northern District of Oklahoma via email submission, as permitted by the Clerk.

I further certify that, pursuant to the Court's CM/ECF system, notice of this filing will be transmitted to all counsel of record who are registered CM/ECF users.

Cynthia Blanchard, Pro Se
414 SE Washington Blvd., Ste. 205
Bartlesville, OK 74006
Telephone: (310) 435-5707
Email: cynthiadblanchard@gmail.com