IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

Civil Action No. 4:26-cv-00140-CVE
(Bankr. No. 25-10088-T)

In Re:

GREEN COPPER HOLDINGS, LLC,
COPPER TREE, INC. and
THE INN AT PRICE TOWER INC.,

      Substantively Consolidated Debtors.

---

CYNTHIA BLANCHARD,

      Appellant,

v.

PATRICK J. MALLOY, III, TRUSTEE

      Appellee.

---

**APPELLEE'S OBJECTION TO *APPELLANT'S MOTION TO SUPPLEMENT THE RECORD ON APPEAL PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 8009(e)(2)(C)* (Doc. No. 11) ("Motion")**

---

**I.      Preliminary Statement**

Appellant Cynthia Blanchard ("Blanchard") seeks an order from this Court supplementing the record based on Fed. R. Bankr. P 8009(e)(2)(C). Fed. R. Bank. P. 8009(e)(2) provides:

"If anything material to either party is omitted from or misstated in the record **by error or accident**, the omission or misstatement may be corrected and a supplemental record may be certified and transmitted:
   (A) on stipulation of the parties;
   (B) by the bankruptcy court before or after the record has been forwarded; or

(C) by the court where the appeal is pending." (emphasis added)

The Motion's fundamental problem is that Blanchard does not seek to supplement the record—she is seeking to create a new record on appeal relative to exhibits which were never authenticated or introduced at the evidentiary hearing conducted in this matter and which formed the basis of the Bankruptcy Court's ruling.  The Motion seeks to supplement the record with exhibits that were attached to Blanchard's reply to the Appellee's objection to Blanchard's motion for stay (Doc. No. 474). Doc. No. 474 is an advocacy document filed well after this appeal was commenced. It relates to the Bankruptcy Court's consideration of a stay pending appeal, not the merits of the appeal itself. Moreover, because this Court has already ruled on Blanchard's request for stay, any stay-related document is immaterial to this Court's consideration of the merits of the appeal.  As a result, Blanchard is not attempting to supplement the record with exhibits that were omitted from or misstated in the record "**by error or accident.**" The subject exhibits were simply never in the record.

## II.    Argument

1.    The Appellee's objection to Blanchard's proof of claim was considered by the Bankruptcy Court at an evidentiary hearing scheduled on the 12th day of January 2026. The Bankruptcy Court's opinion and related order were entered at document Nos. 432 and 433 determining that Blanchard had no claim against the estate and sustaining the Appellee's objection to the claim. The Bankruptcy Court's order and opinion are the subject of this appeal. Attached hereto as **Exhibit A** is a true and exact copy of the court's ruling.

2.    As noted in the court's opinion, Blanchard did not attend the hearing, nor did Blanchard authenticate or introduce into evidence **any exhibits to support her claim.**

3.      Subsequent to the Bankruptcy Court's ruling, Blanchard filed a *Motion To Alter Or Amend Pursuant To Fed. R. Bankr. P. 9023* (Doc. No. 440). This pleading, much like the pending Motion, requested relief based on exhibits that were never authenticated or introduced at the evidentiary hearing. The Court entered an order (Doc. No. 499) denying the motion based largely on the failure of Blanchard to attend the hearing and her failure to authenticate and introduce any evidence to support her claim.

4.      On March 11, 2026, Blanchard filed a generic pleading in the bankruptcy proceeding titled *Motion To Supplement The Record On Appeal* (Doc. No. 548). That pleading, again like the pending Motion, requested an order supplementing the record pursuant to Fed. R. Bankr. P. 8009(e). On the same date the motion was filed, the Bankruptcy Court entered an order on its own motion denying the motion to supplement the record on appeal. Attached as **Exhibit B** is a relevant portion of the docket sheet which reflects the Court's minute order. In material part, the minute order provides that: "The court has reviewed the motion and finds that the movant's request to supplement the record does not fall within either rule 8009(e)(1) or (2)." In essence, the Bankruptcy Court determined that the matters which were subject of the motion to supplement the record had not been omitted **by mistake or error and, thus, were never part of the record**.

5.      Blanchard now seeks similar relief in this Court based upon (e)(2)(C). However, any relief pursuant to (e)(2)(C) must be based on the same requirement set forth in (2); i.e., the exhibits at issue must have been omitted **by error or mistake**. The exhibits which are part of the Motion were never introduced into the record; are not part of the record; and had nothing to do with the Bankruptcy Court's ruling. The Motion represents Blanchard's latest attempt to, in essence, re-litigate the subject claim objection in this Court with a **different record** than she

presented in Bankruptcy Court. Blanchard is seeking to create a **new** and **false** record on appeal. The exhibits embedded in Doc. 474 were simply never in the record before the Bankruptcy Court.

6.    Blanchard argues that the exhibits which are apparently the subject of the Motion were attached to a pleading filed after the original designation of record, and thus the "error or accident" is the result of the timing of the motion. Blanchard misconstrues what is or is not part of the record. Documents which were never properly submitted to the lower court are not part of the record on appeal. *See Utah v. U.S. Dep't of Interior* 535 F.3d 1184, 1195 n. 7 (10th Cir. 2008). *See also Aero-Med Inc. v. United States* 23 F.3d 328, 329 n. 2 (10th Cir. 1994).  The subject exhibits were never authenticated or introduced into evidence at the evidentiary hearing and thus are not now part of the record.

Wherefore the Appellee prays for an order denying the Motion.

*Patrick J. Malloy, III*
Patrick J. Malloy, III, OBA #5647
MALLOY LAW FIRM, P.C.
401 S. Boston Ave. Suite 500
Tulsa, Oklahoma 74103
Telephone: 918-699-0345
Email: pjmiiim@sbcglobal.net