

FILED

APR 0 6 2026

Heidi D. Campbell, Clerk
U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

**Cynthia Blanchard,**
**Appellant,**
**v.**
**Patrick J. Malloy, III,**
**Chapter 7 Trustee,**
**Appellee.**

**Case No. 26-cv-00140-CVE**

**Appeal from the United States Bankruptcy Court
for the Northern District of Oklahoma
Bankruptcy Case No. 25-10088-T**

**APPELLANT'S REPLY TO APPELLEE'S OBJECTION TO APPELLANT'S MOTION
TO SUPPLEMENT THE RECORD ON APPEAL PURSUANT TO FEDERAL RULE OF
BANKRUPTCY PROCEDURE 8009(e)(2)(C) (Doc. No. 15)**

Appellant Cynthia Blanchard, proceeding pro se, respectfully replies to Appellee's Objection

(Doc. No. 15) and states:

## I. INTRODUCTION

Appellee's Objection misapplies Federal Rule of Bankruptcy Procedure 8009(e)(2)(C). The

Bankruptcy Court itself has already ruled that Appellant's request to supplement does not fall

under Rule 8009(e)(1) or (e)(2) in that court and must instead be presented to this Court under

Rule 8009(e)(3). (Bankr. Doc. 461). The document at issue — Appellant's Reply to the Trustee's

Objection to the Motion for Stay Pending Appeal (Bankr. Doc. 474, filed March 23, 2026) —

was omitted from the initial record designation solely because of its filing date relative to the

notice of appeal and the clerk's transmission of the record. Supplementation is therefore

appropriate under Rule 8009(e)(2)(C) to ensure the record accurately reflects the procedural

context relevant to this appeal.II.

1

**ARGUMENT**

At the outset, Appellee's Objection rests on the assertion that Appellant seeks to "create a new record on appeal." That characterization misstates both the nature of the document at issue and the scope of Rule 8009(e)(2)(C). Appellant does not seek to relitigate the merits or introduce new evidence, but to ensure that the appellate record reflects material procedural context necessary for this Court to conduct meaningful review of the proceedings below.

**1. The Bankruptcy Court Explicitly Directed This Request to the District Court.**

On March 11, 2026, the Bankruptcy Court denied Appellant's motion to supplement (Bankr. Doc. 458) with the following language:

*"The Court has reviewed the Motion and finds that the movant's request to supplement the record does not fall within either Rule 8009(e)(1) or (2). Therefore, any request of the type made in the Motion must be presented to the court where the appeal is pending pursuant to Rule 8009(e)(3)."*

A true and correct copy of that order (Bankr. Doc. 461) is attached hereto as Exhibit 1. (See also Appellee's Objection, Ex. B). Appellant promptly complied by filing this Motion in this Court. Appellee's attempt to relitigate the same issue here ignores the Bankruptcy Court's clear directive.

**2. The Document Was Omitted "By Error or Accident" Under Rule 8009(e)(2)(C).**

Rule 8009(e)(2) permits this Court to correct the record when material items are "omitted from … the record by error or accident." The Reply (Bankr. Doc. 474) was filed on the Bankruptcy Court docket after Appellant's notice of appeal and after she provided the clerk with her initial

designation of record. The omission resulted solely from the timing of that filing — not from any lack of diligence or attempt to create a new record. The document reflects the procedural circumstances surrounding the evidentiary issues raised on appeal, including the Trustee's witness's knowledge of the September 2023 Consolidated Balance Sheet (which she herself forwarded to Appellant) and the documented safety concerns that affected Appellant's participation in the January 12, 2026 hearing.

### 3. The Document Is Material to the Appeal.

The Bankruptcy Court's Memorandum Opinion (Bankr. Doc. 432) disallowed Appellant's claims based in part on the evidentiary record developed at the January 12, 2026 hearing. The Reply (Bankr. Doc. 474) provides necessary context for the issues on appeal, including (a) the timing and presentation of evidence at the January 12, 2026 hearing, (b) the circumstances impacting Appellant's ability to respond, (c) the resulting prejudice, and (d) the apparent inconsistency between the witness's testimony and documents already in the Trustee's possession, which bears directly on the completeness and fairness of the evidentiary record. Including this material ensures the Court has an accurate and complete procedural record to evaluate whether the Bankruptcy Court's process afforded Appellant a meaningful opportunity to be heard.

### 4. Appellee's Remaining Arguments Lack Merit.

Appellee's claim that the Reply is merely a post-appeal "advocacy document" ignores that it was properly filed on the Bankruptcy Court docket and relates directly to the stay motion, which arises from the same claim-disallowance order on appeal. Rule 8009(e)(2)(C) permits correction of the record where omission results from timing or procedural circumstances, as occurred here.

### III. CONCLUSION

3

For the reasons stated, and consistent with the Bankruptcy Court's own order directing this request to this Court, Appellant respectfully requests that the Motion to Supplement the Record (Doc. No. 11) be granted and that Bankruptcy Docket No. 474 (and its attached exhibits) be included as part of the record on appeal for purposes of complete and accurate appellate review.

Date: April 6, 2026

Respectfully submitted,

Cynthia Blanchard, Pro Se
414 SE Washington Blvd., Suite 205
Bartlesville, OK 74006
Telephone: (310) 435-5707
Email: cynthiadblanchard@gmail.com

4

## CERTIFICATE OF SERVICE

I, Cynthia Blanchard, appearing pro se, hereby certify that on this 6th day of April, 2026, a true and correct copy of the foregoing Appellant's Reply to Appellee's Objection to Appellant's Motion to Supplement the Record on Appeal Pursuant to Federal Rule of Bankruptcy Procedure 8009(e)(2)(C) was filed with the Clerk of the United States District Court for the Northern District of Oklahoma.

I further certify that, pursuant to the Court's CM/ECF system, electronic service will be made upon all registered participants, including Appellee, Patrick J. Malloy, III, Chapter 7 Trustee.

Cynthia Blanchard, Pro Se
414 SE Washington Blvd., Suite 205
Bartlesville, OK 74006
Telephone: (310) 435-5707
Email: cynthiadblanchard@gmail.com

# EXHIBIT 1

CM/ECF    Query    Reports ▾    Utilities ▾    Help    Log Out

| 03/11/2026 | | | document(s) 452 Main Document). (ADI) |
|---|---|---|---|
| 03/11/2026 | 457 (4 pgs) | | Motion to Stay Pending Appeal *Without Bond*. Certificate of Service attached. Filed by Cynthia Diane Blanchard. (RM) |
| 03/11/2026 | 458 (16 pgs) | | Generic Pleading titled Motion to Supplement the Record on Appeal. Certificate of Service attached. Filed by Cynthia Diane Blanchard. (RE: related document(s)457 Motion To Stay Pending Appeal). (RM) |
| 03/11/2026 | 459 | | Certificate of Service via hand delivery in Clerk's Office to Cynthia Diane Blanchard. (RE: related document(s)451 Civil Cover Sheet, 452 Notice of Appeal and Statement of Election, 453 Notice is Given to the Appellant, 456 Initial Transmission of Notice of Appeal and Statement of Election). (RM) |
| 03/11/2026 | 460 | | Request for Clerk's Statement of Cost. *This is a text-only entry; no document is attached.* Filed by Trustee. (Malloy, Patrick) |
| 03/11/2026 | 461 | | ORDER DENYING MOTION TO SUPPLEMENT RECORD ON APPEAL. THIS MATTER comes before the Court pursuant to the Motion to Supplement the Record on Appeal (the "Motion"), filed by Cynthia Diane Blanchard, Movant, at ECF No. 458. In the Motion, the Movant requests an order permitting supplementation of the record for purposes of appeal pursuant to Federal Rule of Bankruptcy Procedure 8009(e). Rule 8009(e)(1) allows a party to move to strike an item it believes has been improperly designated as part of the record on appeal. Rule 8009(e)(2) permits correction of the record on appeal, but only for items that were "omitted from or misstated in the record by error or accident." Rule 8009(e)(3) states that all other questions regarding the form or content of the record on appeal must be presented to the court where the appeal is pending. The Court has reviewed the Motion and finds that the Movant's request to supplement the record does not fall within either Rule 8009(e)(1) or (2). Therefore, any request of the type made in the Motion must be presented to the court where the appeal is pending pursuant to Rule 8009(e)(3). IT IS THEREFORE ORDERED that the Motion to Supplement the Record on Appeal, filed by Cynthia Diane Blanchard, at ECF No. 458, is DENIED. BY THE COURT: Chief Judge Paul R. Thomas. *This entry is the Official Order of the Court. No document is attached.* (RE: related document(s)458 Generic Event). CERTIFICATE OF SERVICE to Cynthia Diane Blanchard, 414 SE Washington Blvd. Ste. 205, Bartlesville, OK 74006. (CR) |
| 03/11/2026 | 462 | | Notice from District Court : District Court Appeal Number:26-cv-00140-CVE (RE: related document(s)452 Notice of Appeal and Statement of Election). (RM) |
| 03/12/2026 | 463 | | Certificate of Service via US Mail to: Cynthia Diane Blanchard, 414 SE Washington Blvd. Ste. 205, Bartlesville OK 74006. (RE: related document(s) 462 District Court Case Appeal Number.). (RM) |
| 03/12/2026 | 464 | | Clerk's Statement of Costs: The following additional fees, prescribed by the Judicial Conference of the United States, are chargeable to the estate: Fee Due: $0.00. These costs are to be taken into consideration in the distribution to be made in the case. (related document(s) 460 ). *This Notice of Electronic Filing is the Official Form for this entry. No document is attached.* (PS) |
| 03/12/2026 | 465 (5 pgs) | | Trustee's Objection to 457 Motion To Stay Pending Appeal . Filed by Patrick J. Malloy III on behalf of Patrick J. Malloy III (Malloy, Patrick) |
| 03/12/2026 | 466 (3 pgs) | | Statement of Issues on Appeal*Appellant's Statement of Issues to be Presented* Filed by Creditor Cynthia Diane Blanchard (RE: related document(s)452 Notice of Appeal and Statement of Election). (CU) |
| | 467 | | |