**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

IN RE GREEN COPPER HOLDINGS, LLC,
and THE INN AT PRICE TOWER INC.,

    Debtors.

_____

CYNTHIA BLANCHARD,

    Appellant,

v.

PATRICK J. MALLOY, III, Chapter 7
Trustee,

    Appellee.

Civil Action No. 26-cv-00140-CVE

Bankr. No. 25-10088-T
Chapter 7

---

## ORDER DENYING MOTION TO SUPPLEMENT THE RECORD

---

### I.    Introduction

Appellant appeals the Bankruptcy Court's *Order Denying Motion to Alter or Amend Judgment* [Bankr. ECF No. 449] ("Reconsideration Order") entered on March 10, 2026, and the *Order Sustaining Objection and Disallowing Claims* [Bankr. ECF No. 433] ("Order Disallowing Claims") entered on February 27, 2026. In conjunction with the Order Disallowing Claims, the Bankruptcy Court also entered a *Memorandum Opinion* [Bankr. ECF No. 432] on the same day.

On March 11, 2026, Appellant filed a motion to supplement the record with the Bankruptcy

Court, which the Bankruptcy Court denied.[1] On March 27, 2026, Appellant filed with this Court

*Appellant's Motion to Supplement the Record on Appeal Pursuant to Federal Rule of Bankruptcy*

*Procedure 8009(e)(2)(C)* [ECF No. 11] ("Motion to Supplement") to which Appellee responded [ECF

No. 15] and Appellant replied [ECF No. 17] ("Reply").

## II. Legal Standard

Federal Rule of Bankruptcy Procedure ("Rule") 8009 governs the record on appeal. Specifically,

Rule 8009(e)(2) provides that "[i]f anything material to either party is omitted from or misstated in the

record by error or accident, the omission or misstatement may be corrected, and a supplemental record

may be certified and sent: (A) on stipulation of the parties; (B) by the bankruptcy court before or after

the record has been sent; or (C) by the court where the appeal is pending." Rule 8009(e)(3) addresses

remaining questions and states that "[a]ll other questions about the form and content of the record must

be presented to the court where the appeal is pending." "The Tenth Circuit has made it clear that

appellate courts should not review documents that were not before the trial court when the rulings at

issue were made."[2] Additionally, pursuant to Tenth Circuit BAP Local Rule 8018-1, "the appendix

constitutes the record on appeal and must contain all excerpts or documents from the record relevant to

the appeal" and "[o]nly documents properly before the bankruptcy court may be included in the

appendix and considered by this Court."

---

[1] *Order Denying Motion to Supplement Record on Appeal* [Bankr. ECF No. 461] ("The Court has reviewed the Motion and finds that the Movant's request to supplement the record does not fall within either Rule 8009(e)(1) or (2). Therefore, any request of the type made in the Motion must be presented to the court where the appeal is pending pursuant to Rule 8009(e)(3).").

[2] *In re Novinda Corp.*, 585 B.R. 145, 153 (10th Cir. BAP 2018). *See also Boone v. Carlsbad Bancorporation, Inc.*, 972 F.2d 1545, 1549 n.1 (10th Cir. 1992) (appellate court declined to review evidence not before the trial court when rulings at issue were made).

**III.    Parties' Arguments**

In the Motion to Supplement, Appellant asks this Court to supplement the record on appeal pursuant to Rule 8009(e)(2) with a copy of the *Claimant's Reply to Trustee's Objection to Motion for Stay Pending Appeal Without Bond []*  [Bankr. ECF No. 474] ("Reply to Objection"), which was filed in the Bankruptcy Court after Appellant filed her designation of record on appeal.[3] In support, she contends the Reply to Objection "relates to Appellant's preserved objections concerning . . . the same procedural issues that are the subject of this appeal."[4]

Appellee argues documents which were never properly submitted to the lower court are not part of the record on appeal and the documents attached as exhibits to the Reply to Objection were never authenticated or introduced into evidence at the evidentiary hearing and, thus, they were never part of the record on appeal and the Motion to Supplement should be denied. Appellant replied contending that she is not trying to create a new record on appeal; she only seeks to "ensure that the appellate record reflects material procedural context necessary for this Court to conduct meaningful review."[5] She argues the Reply to Objection was omitted by error or accident because it was filed with the Bankruptcy Court after Appellant's notice of appeal and designation of record were filed and is material to the appeal because it "provides necessary context for the issues on appeal."[6]

**IV.    Discussion**

Here, Appellant filed the Reply to Objection with the Bankruptcy Court but not until after the appeal was filed. This document was not before the Bankruptcy Court in reaching its decision in the

---

[3] *Claimant's Reply to Trustee's Objection to Motion for Stay Pending Appeal Without Bond* was filed on March 23, 2026, and Appellant's designation of record was filed on March 12, 2026.
[4] Motion to Supplement at 1.
[5] Reply at 2.
[6] *Id.* at 3.

Reconsideration Order and Order Disallowing Claims, and its omission from the record on appeal was not a result of error or accident as Appellant suggests. Thus, relief under Rule 8009(e)(2) is not warranted and the Court denies the Motion to Supplement.

DATED: April 15, 2026    BY THE COURT:

          _____
          Claire V. Eagan
          United States District Judge