**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

IN RE GREEN COPPER HOLDINGS, LLC,
and THE INN AT PRICE TOWER INC.,

    Debtors.

_____

CYNTHIA BLANCHARD,

    Appellant,

v.

PATRICK J. MALLOY, III, Chapter 7
Trustee,

    Appellee.

Civil Action No. 26-cv-00140-CVE

Bankr. No. 25-10088-T
Chapter 7

---

### ORDER DENYING MOTION TO DISMISS WITHOUT PREJUDICE

---

Appellant appeals the Bankruptcy Court's *Order Sustaining Objection and Disallowing Claims* [Bankr. ECF No. 433] ("Order Disallowing Claims") and *Order Denying Motion to Alter or Amend Judgment* [Bankr. ECF No. 449] ("Reconsideration Order"). On April 21, 2026, Appellant filed a motion to voluntarily dismiss her appeal ("Motion"). In the Motion, she notes she "reserves all rights, claims, and arguments." Motion at 1.

Federal Rule of Bankruptcy Procedure ("Rule") 8023(b) provides that "[a]n appeal may be dismissed on the appellant's motion on terms agreed to by the parties or fixed by the district court or BAP." Rule 8023(c) requires a court order "for any relief beyond the dismissal of an appeal." The Court notes that Rule 8023 does not specifically address whether any voluntary dismissal is with or without

prejudice; however, practically when an appeal is voluntarily dismissed it functions as a dismissal with prejudice after the mandate issues following expiration of the Rule 8022 14-day rehearing period.

This is so because, once the appeal is dismissed and the mandate issues, any subsequent appeal of the Order Disallowing Claims and Reconsideration Order would be untimely under Rule 8002 and any request to reinstate the appeal would require recalling the mandate, which should only be done in extraordinary circumstances. *Calderon v. Thompson*, 523 U.S. 538, 549–50 (1998) ("The sparing use of the power [to recall the mandate] demonstrates it is one of last resort, to be held in reserve against grave, unforeseen contingencies."). Thus, assuming Appellant seeks to reserve a specific right to appeal or claims related to an appeal, those would not practically survive a dismissal of the appeal following issuance of the mandate. *See* 16AA Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3988 (5th ed.) ("Courts have generally held that an appeal, once voluntarily dismissed, will not be reinstated; under that view, the appellant who changes his or her mind after a voluntary dismissal is out of luck if a timely notice of appeal can no longer be filed.").

Here, because the Motion's reservation language places limitations on voluntary dismissal, it fails to comply with Rule 8023 by requesting relief inconsistent with a voluntary dismissal. Thus, the Court denies the Motion without prejudice to filing a renewed motion to dismiss at any time that complies with Rule 8023. Unless or until Appellant files a renewed motion to dismiss, existing briefing deadlines remain in effect.

DATED: April 24, 2026

BY THE COURT:

_____
Claire V. Eagan
United States District Judge